

NUMBER 13-09-00617-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JAMES GLENN WHITLEY,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

### On appeal from the 24th District Court
### of Jackson County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Vela**
**Memorandum Opinion by Chief Justice Valdez**

Appellant, James Glenn Whitley, was charged by indictment with four counts of

aggravated sexual assault of a child, a first-degree felony. *See* TEX. PENAL CODE ANN. §

22.021(a)(1)(A), (2)(B), (e) (Vernon Supp. 2010). The jury convicted Whitley of the

underlying offenses and assessed punishment at life imprisonment in the Institutional

Division of the Texas Department of Criminal Justice with a $10,000 fine for each count. The sentences were ordered to run concurrently. By two issues, Whitley argues that: (1) his trial counsel should have objected to the prosecutor's cross-examination of him "to an impermissible degree about his real estate dealings"; and (2) trial counsel was defective for not objecting to the State's "lengthy cross-examination" regarding his real estate dealings. We affirm.

## I. BACKGROUND[1]

Whitley, seventy-five years old at the time of trial, was charged with sexually assaulting a seven-year-old child, A.G., on four separate occasions when she spent the night with Whitley or swam in Whitley's swimming pool. *See id.* § 22.021(a)(1)(A), (2)(B). Specifically, the indictment alleged that Whitley caused his finger to penetrate A.G.'s sexual organ on several occasions in June, July, and August 2007. A.G. is the daughter of two tenants who rent a house from Whitley. Whitley admitted at trial that he has thirty-five rental properties in Edna, Texas. Whitley also regularly entertained guests at a swimming pool in his backyard.[2] Many of the guests were the children of tenants who rented houses from Whitley.

Whitley testified at trial on his own behalf. At trial and in his grand jury testimony, which was admitted at trial, *see* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 5 (Vernon 2005)

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.1, 47.4.

[2] In grand jury testimony that was admitted into evidence, Whitley stated the following regarding his swimming pool:

I put up the swimming pool to take the clot out of my leg, which it did. The swimming pool invites people. Stacy [a tenant] and her kids came down at first. She and I would sit and drink coffee while the kids played in the pool. Next thing you know, uh [A.G.] came along. . . . If you have a swimming pool[,] you attract kids.

(permitting, at trial, the admission of statements made by the accused before a grand jury), Whitley asserted that the charges against him were false and were generated by one of his daughters, who he had allegedly disinherited,[3] and A.G.'s parents. Whitley testified that A.G.'s parents were approximately $1,500 behind in rent and that, by making these allegations, they "saw a way out [of] . . . paying [Whitley] money." Whitley also believed that A.G.'s parents made up the allegations to obtain ownership of the house they were renting from Whitley. However, later in his grand jury testimony, Whitley admitted that A.G. was telling the truth about the sexual assault and noted that he himself had been sexually abused as a child; at trial, he recanted his grand jury testimony about the truthfulness of A.G.'s accusations and denied touching A.G. inappropriately. Also at trial, A.G. recounted the alleged sexual assault in detail.

At the conclusion of the trial, the jury found Whitley guilty of four counts of aggravated sexual assault and imposed life sentences with a $10,000 fine for each of the counts, with the imposed sentences to run concurrently. The trial court adopted the jury's findings and signed the final judgment of conviction on August 26, 2009. Shortly thereafter, Whitley filed a motion for new trial, which the trial court denied. This appeal ensued.

## II. THE STATE'S CROSS-EXAMINATION OF WHITLEY

By his first issue, Whitley asserts that his trial counsel should have objected to the prosecutor's cross-examination of him to an impermissible degree about his real estate

---

[3] At trial, Glenna Hajek, one of Whitley's five daughters, testified that she made the report to law enforcement that Whitley sexually abused A.G. and that several of Hajek's sisters had told her that Whitley repeatedly abused them sexually when they were younger. Hajek recalled Whitley attempting to sexually abuse her when she was young, but she was able to fend him off and run out of the room screaming. Hajek denied making these accusations in retaliation for any perceived slight involving Whitley's will.

dealings. Specifically, Whitley contends that "there exists a danger that appellant may have been convicted by his jury more for his alleged misdeeds in real estate versus the crime for which he was actually accused by indictment." Whitley further contends that "[n]o evidence of nexus was presented by the State to suggest that those who delve in shady real estate or act as overly aggressive landlords may also have a propensity to molest children, or that one misdeed leads to the other as some kind of 'gateway' crime." Whitley acknowledges that his trial counsel did not object to this line of questioning, but argues that a rule 403 objection "might have been sustained." *See* TEX. R. EVID. 403 (providing that relevant evidence may be excluded if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . ."). The State responds that, because trial counsel did not object to this line of questioning, this issue is waived.

In order to preserve a challenge to the trial court's admission of evidence, the complaining party must have lodged a timely objection and have sustained an adverse ruling. *See* TEX. R. APP. P. 33.1(a); TEX. R. EVID. 103; *see also Lopez v. State*, 253 S.W.3d 680, 684 (Tex. Crim. App. 2008); *Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002). "This is true even though the error may contain a constitutional right of the defendant." *Saldano*, 70 S.W.3d at 889. Further, a proper objection must be made "'each time the inadmissible evidence is offered or obtain a running objection.'" *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) (quoting *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003)). Here, Whitley's trial counsel did not lodge any objections or obtain a running objection pertaining to the complained-of testimony. We therefore conclude that this issue is waived. *See* TEX. R. APP. P. 33.1(a); TEX. R. EVID. 103; *see also*

4

*Lopez*, 253 S.W.3d at 684; *Saldano*, 70 S.W.3d at 889.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

In his second issue, Whitley asserts that his trial counsel was ineffective because he failed to object to the testimony regarding his real estate transactions. Whitley contends that, because "there is no connection or nexus between shady real estate dealings and sexual molestation of the child in this cause," the jury was misled and that confusion led to an improper verdict. The State counters by arguing that Whitley has failed to establish the second prong of the *Strickland* test that, but for trial counsel's alleged deficiency, the results of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 684 (1984).

### a. Applicable Law

To establish ineffective assistance of counsel, appellant must show that: (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. *See id.*; *Dewberry v. State*, 4 S.W.3d 735, 737 (Tex. Crim. App. 1999) (holding that appellant must show a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt as to appellant's guilt); *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.–Corpus Christi 2006, no pet.). Whether this test has been satisfied is to be judged on appeal by the totality of representation, not by any isolated acts or omissions. *Jaynes*, 216 S.W.3d at 851. Whitley has the burden to prove ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing *Cannon v. State*, 668 S.W.2d

401, 403 (Tex. Crim. App. 1984)).

Our review of counsel's representation is highly deferential, and we will find ineffective assistance only if appellant overcomes the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689; *Jaynes*, 216 S.W.3d at 851. The right to "reasonably effective assistance of counsel" does not guarantee errorless counsel whose competency is judged by perfect hindsight. *Saylor v. State*, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). Moreover, the acts or omissions that form the basis of appellant's claim of ineffective assistance must be supported by the record. *Thompson*, 9 S.W.3d at 814; *Jaynes*, 216 S.W.3d at 851. A silent record which provides no explanation for counsel's actions usually will not overcome the strong presumption of reasonable assistance. *Thompson*, 9 S.W.3d at 813-14; *see Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002) (noting that ineffective assistance of counsel claims must be firmly established by the record, not built on retrospective speculation). To warrant reversal without affording counsel an opportunity to explain his actions, "'the challenged conduct must be so outrageous that no competent attorney would have engaged in it.'" *Roberts v. State*, 220 S.W.3d 521, 533 (Tex. Crim. App. 2007) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

**b.    Discussion**

In the instant case, Whitley did not file a motion for new trial on ineffective assistance of counsel grounds or elicit testimony concerning counsel's reasons for not objecting to the complained-of testimony regarding Whitley's real estate transactions. Therefore, there is no evidence in the record to suggest that the actions of Whitley's trial counsel were not the result of sound and reasonable trial strategy. *See Jaynes*, 216

S.W.3d at 855. Because the record is silent as to trial counsel's trial strategy, and because we cannot say that trial counsel's actions were so outrageous that no competent attorney would have engaged in them, we presume that the trial strategy of Whitley's trial counsel was sound.[4]  *See Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003); *Thompson*, 9 S.W.3d at 814; *see also Mitchell v. State*, No. 13-07-00236-CR, 2009 Tex. App. LEXIS 4137, at *13 (Tex. App.–Corpus Christi June 11, 2009, pet. ref'd) (mem. op., not designated for publication).

However, assuming, arguendo, that it was error for Whitley's trial counsel to not object to the complained-of testimony, Whitley has failed to adequately explain how this evidence resulted in the rendition of an improper verdict, especially in light of:  (1) his admission during the grand jury proceedings that he sexually abused A.G.; (2) A.G.'s trial testimony detailing the incidents; and (3) his theory that A.G.'s parents concocted the allegations to eliminate back-rent owed and to obtain the house they were renting from Whitley. *See Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990) (en banc) (holding that the testimony of a child sexual abuse victim is sufficient to support a conviction for aggravated sexual assault); *Soto v. State*, 267 S.W.3d 327, 332 (Tex. App.–Corpus Christi 2008, no pet.) (same); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 5.  Based on the foregoing, Whitley has failed to satisfy the second prong of the *Strickland* test.  *See Strickland*, 466 U.S. at 684; *Dewberry*, 4 S.W.3d at 757; *Jaynes*, 216 S.W.3d at 851.  Therefore, in reviewing the record in its entirety and not focusing on

_____

[4] Because Whitley first raised his ineffective assistance of counsel claim on direct appeal, trial counsel has not had the opportunity to respond to Whitley's concerns; the reasonableness of the choices made by Whitley's trial counsel may involve facts that do not appear in the appellate record.  *See Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).  Whitley's trial counsel should be afforded an opportunity to explain his actions before being denounced as ineffective.  *See id.*; *see also Ortiz v. State*, No. 13-09-00578-CR, 2010 Tex. App. LEXIS 5784, at *7 n.1 (Tex. App.–Corpus Christi July 16, 2010, no pet.) (mem. op., not designated for publication).

isolated events, we conclude that Whitley has failed to overcome the strong presumption

of reasonable assistance. *See Strickland*, 466 U.S. at 689; *Jaynes*, 216 S.W.3d at 851.

Accordingly, we overrule Whitley's second issue.

## IV. Conclusion

Having overruled both of Whitley's issues on appeal, we affirm the judgment of the

trial court.

 

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
28th day of October, 2010.