NUMBER 13-09-00617-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
                                                                 
JAMES GLENN WHITLEY,                                                        Appellant,

v.
 
THE STATE OF TEXAS,                                                       Appellee.
                                                                                                                                      

On appeal from the 24th District Court
of Jackson County, Texas.
                                                                                                                      

  MEMORANDUM OPINION
 
Before Chief Justice Valdez and Justices Rodriguez and Vela
 Memorandum Opinion by Chief Justice Valdez
          Appellant, James Glenn Whitley, was charged by indictment with four counts of
aggravated sexual assault of a child, a first-degree felony. See Tex. Penal Code Ann. §
22.021(a)(1)(A), (2)(B), (e) (Vernon Supp. 2010). The jury convicted Whitley of the
underlying offenses and assessed punishment at life imprisonment in the Institutional
Division of the Texas Department of Criminal Justice with a $10,000 fine for each count. 
The sentences were ordered to run concurrently. By two issues, Whitley argues that: (1)
his trial counsel should have objected to the prosecutor’s cross-examination of him “to an
impermissible degree about his real estate dealings”; and (2) trial counsel was defective
for not objecting to the State’s “lengthy cross-examination” regarding his real estate
dealings. We affirm.
I. Background



          Whitley, seventy-five years old at the time of trial, was charged with sexually
assaulting a seven-year-old child, A.G., on four separate occasions when she spent the
night with Whitley or swam in Whitley’s swimming pool. See id. § 22.021(a)(1)(A), (2)(B). 
Specifically, the indictment alleged that Whitley caused his finger to penetrate A.G.’s
sexual organ on several occasions in June, July, and August 2007. A.G. is the daughter
of two tenants who rent a house from Whitley. Whitley admitted at trial that he has thirty-five rental properties in Edna, Texas. Whitley also regularly entertained guests at a
swimming pool in his backyard.


 Many of the guests were the children of tenants who
rented houses from Whitley. 
          Whitley testified at trial on his own behalf. At trial and in his grand jury testimony,
which was admitted at trial, see Tex. Code Crim. Proc. Ann. art. 38.22, § 5 (Vernon 2005)
(permitting, at trial, the admission of statements made by the accused before a grand jury),
Whitley asserted that the charges against him were false and were generated by one of
his daughters, who he had allegedly disinherited,


 and A.G.’s parents. Whitley testified that
A.G.’s parents were approximately $1,500 behind in rent and that, by making these
allegations, they “saw a way out [of] . . . paying [Whitley] money.” Whitley also believed
that A.G.’s parents made up the allegations to obtain ownership of the house they were
renting from Whitley. However, later in his grand jury testimony, Whitley admitted that A.G.
was telling the truth about the sexual assault and noted that he himself had been sexually
abused as a child; at trial, he recanted his grand jury testimony about the truthfulness of
A.G.’s accusations and denied touching A.G. inappropriately. Also at trial, A.G. recounted
the alleged sexual assault in detail.
          At the conclusion of the trial, the jury found Whitley guilty of four counts of
aggravated sexual assault and imposed life sentences with a $10,000 fine for each of the
counts, with the imposed sentences to run concurrently. The trial court adopted the jury’s
findings and signed the final judgment of conviction on August 26, 2009. Shortly
thereafter, Whitley filed a motion for new trial, which the trial court denied. This appeal
ensued.
II. The State’s Cross-Examination of Whitley
          By his first issue, Whitley asserts that his trial counsel should have objected to the
prosecutor’s cross-examination of him to an impermissible degree about his real estate
dealings. Specifically, Whitley contends that “there exists a danger that appellant may
have been convicted by his jury more for his alleged misdeeds in real estate versus the
crime for which he was actually accused by indictment.” Whitley further contends that “[n]o
evidence of nexus was presented by the State to suggest that those who delve in shady
real estate or act as overly aggressive landlords may also have a propensity to molest
children, or that one misdeed leads to the other as some kind of ‘gateway’ crime.” Whitley
acknowledges that his trial counsel did not object to this line of questioning, but argues that
a rule 403 objection “might have been sustained.” See Tex. R. Evid. 403 (providing that
relevant evidence may be excluded if its “probative value is substantially outweighed by the
danger of unfair prejudice, confusion of the issues, or misleading the jury . . .”). The State
responds that, because trial counsel did not object to this line of questioning, this issue is
waived.
          In order to preserve a challenge to the trial court’s admission of evidence, the
complaining party must have lodged a timely objection and have sustained an adverse
ruling. See Tex. R. App. P. 33.1(a); Tex. R. Evid. 103; see also Lopez v. State, 253 S.W.3d
680, 684 (Tex. Crim. App. 2008); Saldano v. State, 70 S.W.3d 873, 889 (Tex. Crim. App.
2002). “This is true even though the error may contain a constitutional right of the
defendant.” Saldano, 70 S.W.3d at 889. Further, a proper objection must be made “‘each
time the inadmissible evidence is offered or obtain a running objection.’” Lane v. State,
151 S.W.3d 188, 193 (Tex. Crim. App. 2004) (quoting Valle v. State, 109 S.W.3d 500, 509
(Tex. Crim. App. 2003)). Here, Whitley’s trial counsel did not lodge any objections or
obtain a running objection pertaining to the complained-of testimony. We therefore
conclude that this issue is waived. See Tex. R. App. P. 33.1(a); Tex. R. Evid. 103; see also
Lopez, 253 S.W.3d at 684; Saldano, 70 S.W.3d at 889.
III. Ineffective Assistance of Counsel
          In his second issue, Whitley asserts that his trial counsel was ineffective because
he failed to object to the testimony regarding his real estate transactions. Whitley contends
that, because “there is no connection or nexus between shady real estate dealings and
sexual molestation of the child in this cause,” the jury was misled and that confusion led
to an improper verdict. The State counters by arguing that Whitley has failed to establish
the second prong of the Strickland test that, but for trial counsel’s alleged deficiency, the
results of the proceeding would have been different. See Strickland v. Washington, 466
U.S. 668, 684 (1984). 
a.       Applicable Law
          To establish ineffective assistance of counsel, appellant must show that: (1) his
attorney’s representation fell below an objective standard of reasonableness; and (2) there
is a reasonable probability that, but for his attorney’s errors, the result of the proceeding
would have been different. See id.; Dewberry v. State, 4 S.W.3d 735, 737 (Tex. Crim.
App. 1999) (holding that appellant must show a reasonable probability that, but for
counsel’s errors, the fact-finder would have had a reasonable doubt as to appellant’s guilt);
Jaynes v. State, 216 S.W.3d 839, 851 (Tex. App.–Corpus Christi 2006, no pet.). Whether
this test has been satisfied is to be judged on appeal by the totality of representation, not
by any isolated acts or omissions. Jaynes, 216 S.W.3d at 851. Whitley has the burden
to prove ineffective assistance of counsel by a preponderance of the evidence. Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing Cannon v. State, 668 S.W.2d
401, 403 (Tex. Crim. App. 1984)).
          Our review of counsel’s representation is highly deferential, and we will find
ineffective assistance only if appellant overcomes the strong presumption that his counsel’s
conduct fell within the wide range of reasonable professional assistance. See Strickland,
466 U.S. at 689; Jaynes, 216 S.W.3d at 851. The right to “reasonably effective assistance
of counsel” does not guarantee errorless counsel whose competency is judged by perfect
hindsight. Saylor v. State, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). Moreover, the
acts or omissions that form the basis of appellant’s claim of ineffective assistance must be
supported by the record. Thompson, 9 S.W.3d at 814; Jaynes, 216 S.W.3d at 851. A
silent record which provides no explanation for counsel’s actions usually will not overcome
the strong presumption of reasonable assistance. Thompson, 9 S.W.3d at 813-14; see
Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002) (noting that ineffective
assistance of counsel claims must be firmly established by the record, not built on
retrospective speculation). To warrant reversal without affording counsel an opportunity
to explain his actions, “‘the challenged conduct must be so outrageous that no competent
attorney would have engaged in it.’” Roberts v. State, 220 S.W.3d 521, 533 (Tex. Crim.
App. 2007) (quoting Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).
b.       Discussion
          In the instant case, Whitley did not file a motion for new trial on ineffective
assistance of counsel grounds or elicit testimony concerning counsel’s reasons for not
objecting to the complained-of testimony regarding Whitley’s real estate transactions. 
Therefore, there is no evidence in the record to suggest that the actions of Whitley’s trial
counsel were not the result of sound and reasonable trial strategy. See Jaynes, 216
S.W.3d at 855. Because the record is silent as to trial counsel’s trial strategy, and because
we cannot say that trial counsel’s actions were so outrageous that no competent attorney
would have engaged in them, we presume that the trial strategy of Whitley’s trial counsel
was sound.


 See Rylander v. State, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003);
Thompson, 9 S.W.3d at 814; see also Mitchell v. State, No. 13-07-00236-CR, 2009 Tex.
App. LEXIS 4137, at *13 (Tex. App.–Corpus Christi June 11, 2009, pet. ref’d) (mem. op.,
not designated for publication).
          However, assuming, arguendo, that it was error for Whitley’s trial counsel to not
object to the complained-of testimony, Whitley has failed to adequately explain how this
evidence resulted in the rendition of an improper verdict, especially in light of: (1) his
admission during the grand jury proceedings that he sexually abused A.G.; (2) A.G.’s trial
testimony detailing the incidents; and (3) his theory that A.G.’s parents concocted the
allegations to eliminate back-rent owed and to obtain the house they were renting from
Whitley. See Villalon v. State, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990) (en banc)
(holding that the testimony of a child sexual abuse victim is sufficient to support a
conviction for aggravated sexual assault); Soto v. State, 267 S.W.3d 327, 332 (Tex.
App.–Corpus Christi 2008, no pet.) (same); see also Tex. Code Crim. Proc. Ann. art.
38.22, § 5. Based on the foregoing, Whitley has failed to satisfy the second prong of the
Strickland test. See Strickland, 466 U.S. at 684; Dewberry, 4 S.W.3d at 757; Jaynes, 216
S.W.3d at 851. Therefore, in reviewing the record in its entirety and not focusing on
isolated events, we conclude that Whitley has failed to overcome the strong presumption
of reasonable assistance. See Strickland, 466 U.S. at 689; Jaynes, 216 S.W.3d at 851. 
Accordingly, we overrule Whitley’s second issue. 
IV. Conclusion
          Having overruled both of Whitley’s issues on appeal, we affirm the judgment of the
trial court.
                                                                           ________________________
ROGELIO VALDEZ
                                                                           Chief Justice 
Do not publish. 
Tex. R. App. P. 47.2(b)
Delivered and filed the 
28th day of October, 2010.