*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





# MEMORANDUM OPINION

No. 04-09-00634-CR

Alejandro **QUIROZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 7, Bexar County, Texas
Trial Court No. 274473
Honorable Monica A. Gonzalez, Judge Presiding

Opinion by:   Rebecca Simmons, Justice

Sitting:   Karen Angelini, Justice
Phylis J. Speedlin, Justice
Rebecca Simmons, Justice

Delivered and Filed:  November 10, 2010

AFFIRMED

This appeal arises from the conviction of Alejandro Quiroz for assault bodily injury of his late wife.   On appeal, Quiroz argues three issues: (1) the erroneous admission of opinion testimony as to his guilt; (2) the improper exclusion of evidence of a prior assault of the victim; and (3) the erroneous admission of testimony of an unavailable witness in violation of his Sixth and Fourteenth Amendment rights of confrontation and cross-examination.   We affirm the judgment of the trial court.

## BACKGROUND

On August 29, 2008, Quiroz and his now-deceased wife, Ruby Farias Quiroz, were arguing in their car while their infant was in the backseat. Quiroz exited the car and attempted, to no avail, to pull seat-belted Ruby out of the vehicle. Quiroz hit Ruby several times, eventually pulled her out of the car, and threw her to the ground. Quiroz then left in the car with the infant in the backseat. A man who saw Ruby after the incident offered her his cell phone to make some calls. Ruby called the police and her mother, Rosemary Gover. The police department dispatched Officer Gabriel Rosas to Ruby's location.

Ruby related to Officer Rosas that her husband, Quiroz, had punched her in the back of the head, in the chest, and on her arms, and slapped her across the face. In her phone call to her mother, Ruby explained that Quiroz hit her several times, pulled her out of the car, threw her to the ground, and drove off with the baby in the backseat.

Several months after the incident, Ruby died in an unrelated car accident. Though Ruby was not available to testify at trial, Gover and Officer Rosas testified to their respective phone calls with Ruby about the incident. The case proceeded to trial, and the jury convicted Quiroz of assault bodily injury of his wife, Ruby. The court sentenced Quiroz to one year in the county jail probated and suspended, and fined Quiroz $1,000.00.

## OFFICER ROSAS'S OPINION TESTIMONY AS TO QUIROZ'S GUILT

Quiroz asserts that the trial court erred in admitted improper testimony to the ultimate issue of Quiroz's guilt when Officer Rosas opined that (1) a crime had been committed and (2) he believed Quiroz was the perpetrator of the crime. The State argues that Quiroz failed to preserve error.

To preserve error for appellate review, trial counsel must object; clearly state the grounds for the objection unless they are apparent from context; and obtain the trial court's ruling on the objection. TEX. R. APP. PROC. 33.1(a). The error must be preserved in a timely manner, before the witness answers the allegedly objectionable question. *See Tell v. State*, 908 S.W.2d 535, 543 (Tex. App.—Fort Worth 1995, no writ) (holding that an objection was not timely when it was made after the witness answered the State's allegedly objectionable question about a ski mask). The objecting party must also object each time another party seeks to offer the same, allegedly impermissible evidence. *Lopez v. State*, 253 S.W.3d 680, 684 (Tex. Crim. App. 2008).

At trial, defense counsel objected when the State asked Officer Rosas if, based on his conversation with Ruby, he believed beyond a reasonable doubt that Quiroz assaulted Ruby. The trial court sustained defense counsel's objection that the question addressed the ultimate issue of the case. The State then asked Officer Rosas, "So do you think a crime was committed that day?" Without any objection from defense counsel, Officer Rosas responded, "Yes, sir." The State next asked, "Who do you think committed that crime?" Before Officer Rosas responded, defense counsel objected on the grounds that this question also addressed the ultimate issue in the case, and the trial court sustained the objection. The State then asked Officer Rosas whether he filed a report in the case, and who was identified as the suspect in his report. Defense counsel then lodged a hearsay objection, which the trial court overruled.[1] The State once again asked Officer Rosas, "[D]o you believe a crime was committed that day?" Without objection, Officer Rosas again answered, "Yes, sir." Immediately following that question, the State asked, "Who do you believe committed that crime?" Without any objection from defense counsel, Officer

---

[1] Because Quiroz does not challenge this ruling on appeal, the argument that the trial court erred on this ruling is waived. *See Rezac v. State*, 782 S.W.2d 869, 869–70 (Tex. Crim. App. 1990).

Rosas responded, "Her husband, Alejandro Quiroz." Because defense counsel twice failed to object to the question of whether Officer Rosas believed a crime was committed that day, and failed to object to the question as to who Officer Rosas believed committed the crime, Quiroz did not preserve error for his complaint that the trial court erred in permitting Officer Rosas to testify that Quiroz committed the crime. *See Lopez*, 253 S.W.3d at 684; *Tell*, 908 S.W.2d at 543.

### GOVER'S TESTIMONY AS TO HER PRIOR ASSAULT OF RUBY

Quiroz argues that the trial court erred in excluding evidence that Gover previously assaulted Ruby—her daughter and the victim in this case—in 2003.[2] Quiroz contends that this evidence: (1) was proper impeachment evidence showing Gover's bias against Quiroz; and (2) was proper substantive evidence showing that Gover, rather than Quiroz, was the true source of Ruby's bruises and injuries. The exclusion of this evidence, Quiroz argues, violated his right to confront a witness regarding her bias. *See Fox v. State*, 115 S.W.3d 550, 566 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). The State argues that the trial court did not err because Quiroz failed to preserve error, and because Rule 404(b) excludes this sort of character evidence to show a witness's propensity to act in conformity with acts of misconduct. *See* TEX. R. APP. PROC. 33.1(a); TEX. R. EVID. 404(b).

### A. Impeachment Evidence

Error is preserved only if the grounds of the objection raised on appeal comport with the grounds for the objection made at trial. *Rezac*, 782 S.W.2d at 870. Thus, failing to preserve error for Sixth and Fourteenth Amendment right to confrontation challenges constitutes a waiver of those rights. *See id.*; *cf. Rodriguez v. State*, 274 S.W.3d 760, 764 (Tex. App.—San Antonio 2008, no pet.). Furthermore, the admissibility of evidence of prior misconduct turns on what the evidence is offered to prove. *See Dixon v. State*, 2 S.W.3d 263, 271–72 & n.7 (Tex. Crim. App.

---

[2] Gover pled no contest to the assault, and was placed on deferred adjudication in 2003.

1998) (citing S<small>TEVEN</small> G<small>OODE ET AL</small>., T<small>EXAS</small> P<small>RACTICE</small>: G<small>UIDE TO THE</small> T<small>EXAS</small> R<small>ULES OF</small> E<small>VIDENCE</small>: C<small>IVIL AND</small> C<small>RIMINAL</small>, § 608.1, at 574 (2d ed. 1993)).

The admission of evidence is a matter of the trial court's discretion. *See Montgomery v. State*, 810 S.W.2d 372, 378 (Tex. Crim. App. 1990) (op. on reh'g en banc). Accordingly, an appellate court reviews a trial court's admission of evidence under an abuse of discretion standard. *See id.* at 379–80. If the trial court's ruling is within the "zone of reasonable disagreement," then the trial court's ruling will be upheld because it did not abuse its discretion. *Rachal v. State*, 917 S.W.2d 799, 807 (Tex. Crim. App. 1996). A trial court abuses its discretion if it acts arbitrarily or unreasonably or without reference to guiding rules and principles. *Abdygapparova v. State*, 243 S.W.3d 191, 203 (Tex. App.—San Antonio 2007, pet. ref'd).

At trial, the State objected to the cross-examination of Gover about her prior assault of Ruby in 2003 as improper impeachment by evidence of specific misconduct. Counsel for Quiroz explained that the evidence was not offered to impeach Gover:

> I don't wish to offer evidence of this assault in order to attack her credibility. The facts of this assault are that she assaulted her daughter, Ruby, who was the victim in this case, causing her multiple bruises.
> Your Honor, the fact that she has assaulted her daughter causing her bruises goes to the identity of her attacker in this case and supports our defense that the bruises that have been introduced into evidence through photographs were not caused by Alex Quiroz, but by possibly her mother. It goes to a possible other source of the bruises.

Trial counsel conceded that Rule 608(b) of the Texas Rules of Evidence prohibits impeaching a witness with evidence of a specific instance of prior misconduct. *See* T<small>EX</small>. R. E<small>VID</small>. 608(b). Here on appeal, Quiroz again acknowledges that "[s]pecific instances of conduct of a witness, *for the purposes of attacking or supporting the witness' credibility*, other than the conviction of as provided in Rule 609, may not be inquired into on cross-examination of the witness nor proved

by extrinsic evidence."[3] Yet Quiroz now proposes that "the evidence in question . . . was offered instead, to show Gover's bias, . . . ." Quiroz counsel's statement at trial that the evidence was not offered to impeach the credibility of the witness through showing bias, directly contradicts the purpose for which Quiroz now argues the evidence should be admitted.

Consequently, Quiroz failed to preserve error at the trial court. Even if error were properly preserved, Rule 608(b) prohibits the purpose for which Quiroz now purports to have attempted to elicit the testimony from Gover. *See id.* Because Quiroz does not contend that Rule 608(b), as applied in this case, violates his Sixth and Fourteenth Amendment rights to confrontation and cross-examination, Quiroz waived these rights with regard to impeaching Gover for bias by failing to preserve error. *See Rezac*, 782 S.W.2d at 870.

## B. Substantive Evidence of the Identity of Ruby's True Assailant

Quiroz claims the trial court erred in excluding Gover's testimony of her prior assault of Ruby in 2003 because it shows the true source of Ruby's bruises observed by Officer Rosas and other witnesses in 2008. The State responds that Rule 404(b) of the Texas Rules of Evidence prohibited the use of Gover's past misconduct as substantive evidence. *See* TEX. R. EVID. 404(b).

Relevant evidence is admissible only if it is not excluded by the Texas Rules of Evidence. *See* TEX. R. EVID. 401. Rule 404(b) excludes character evidence that is offered to prove that a witness acted in conformity with prior misconduct. TEX. R. EVID. 404(b). Though evidence of prior misconduct may not be used to show a witness's propensity for such action, evidence of prior misconduct may be used to prove the identity of a perpetrator. *Id.*; *see also Jones v. State*, 751 S.W.2d 682, 685 (Tex. App.—San Antonio 1988, no writ). To prove identity by offering

---

[3] Gover was not convicted of a crime as required by Rule 609 because she was placed on deferred adjudication for her assault of Ruby in 2003. *See* Tex. R. Evid. 609.

evidence of prior misconduct, the acts of prior misconduct must be almost identical to the acts constituting the charged crime. *Avila v. State*, 18 S.W.3d 736, 740–41 (Tex. App.—San Antonio 2000, no pet.) ("Evidence of an extraneous offense may be admissible to show identity [if] there [is] a showing that the extraneous offense committed by the accused was so nearly identical in method to the charged offense as to earmark it."). "The characteristics must be so unusual and distinctive as to be like a signature." *See id.* (citing *Bishop v. State*, 869 S.W.2d 342, 346 (Tex. Crim. App. 1993)). Otherwise the evidence is inadmissible. *See id.*

Rule 404(b) prohibits evidence of Gover's prior misconduct—her assault of Ruby in 2003—to show that, in 2008, Gover acted in conformity with her misconduct in 2003. *See id.*; *see also* TEX. R. EVID. 404(b). Though Quiroz argues that this evidence was offered to prove the true identity of Ruby's attacker, the trial court could have reasonably concluded that the characteristics of Gover's 2003 assault of Ruby were not "so unusual and distinctive to be like a signature" that was characteristic of the assault of Ruby in 2008. *See Avila*, 18 S.W.3d at 740. In its offer of proof, after the trial court sustained the State's objection to defense counsel's questioning of Gover, Quiroz's counsel provided the trial court with no specific facts about the 2003 assault. Nor did defense counsel offer any similarities between Gover's 2003 assault and the 2008 assault, other than that they were both assaults on Ruby. Thus, because it was within the zone of reasonable disagreement for the trial court to find that Gover's prior assault of Ruby was not almost identical to the acts of the charged crime, we cannot conclude that the trial court abused its discretion. *See id.* at 739.

Quiroz relies on *Fox v. State*, 115 S.W.3d 550, 566 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) for the proposition that a trial court's denial of cross-examination of a witness to elicit substantive evidence constituted a denial of Quiroz's Sixth and Fourteenth Amendment

rights to confrontation and cross-examination. However, *Fox* holds only that a defendant has a right to cross-examine and confront witnesses to show bias or motive. *Id. Fox* does not support Quiroz's position regarding Gover's testimony for substantive purposes. *See id.* We thus overrule Quiroz's issue regarding the trial court's exclusion of Gover's testimony about her prior misconduct as both impeachment and substantive evidence.

### RUBY'S STATEMENT TO OFFICER ROSAS THAT QUIROZ ASSAULTED HER

Quiroz also argues that the trial court violated his Sixth and Fourteenth Amendment rights to cross-examination and confrontation in admitting Officer Rosas's testimony that Ruby, now deceased, told him that Quiroz attacked her. Quiroz contends that because Ruby's statement was testimonial in nature, and because he had no opportunity to cross-examine her, the trial court erred in admitting Officer Rosas's testimony. *See Crawford v. Washington*, 541 U.S. 36, 42 (2004). The State responds that the trial court did not err because Ruby's statements to Officer Rosas were not testimonial; and that even if they were testimonial, there was no harm because Gover testified to the same statements.[4]

Even assuming, without deciding, the trial court committed constitutional error in allowing Officer Rosas to testify, Quiroz was not harmed because Gover testified that Ruby made the same statements to her.[5] If a trial court commits "constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." TEX. R. APP. PROC. 44.2(a). A defendant's Sixth and Fourteenth Amendment rights to confrontation and cross-examination are subject to harmless error review. *Shelby v. State*, 819 S.W.2d 544, 547 (Tex. Crim. App. 1991). It is beyond a reasonable doubt

---

[4] Quiroz claims that the confluence of the trial court's errors harmed his substantial rights.

[5] Quiroz did not object to Gover's testimony based on constitutional grounds.

that a trial court's error in admitting evidence does not contribute to conviction if a trial court admits other evidence that independently proves the same facts. *See Wilder v. State*, 583 S.W.2d 349, 357–58 (Tex. Crim. App. 1979), *overruled on other grounds by Green v. State*, 682 S.W.2d 271 (Tex. Crim. App. 1984). An appellate court must determine whether the evidence independently proves the same facts based on "its own reading of the record and the probable impact on the minds of an average jury." *Id.* at 357 (citation and internal quotes omitted). To establish the elements of a crime of assault bodily injury, the charge of the court provided that the State must prove that "[Quiroz] intentionally, knowingly, or recklessly cause[d] bodily injury to [Ruby]."

A review of the record shows that the jury could have found that the State met its burden by either Officer Rosas's testimony or Gover's testimony. At trial, Officer Rosas testified that Ruby told him that Quiroz punched her in the back of the head and in the arms, and slapped her across the face. Gover's testimony was inclusive of—and even more descriptive than—Officer Rosas's testimony. Gover testified that Ruby told her that Quiroz hit her several times, pulled her out of the car, and threw her to the ground. Ruby also told Gover that she was hit on the head. Gover testified to feeling the bumps Ruby had on her head. After the incident, Gover also identified bruises on Ruby's arms and neck, and a scratch on her shoulder.[6]

Based on our reading of the record and the probable impact of this testimony on the minds of an average jury, Gover's testimony established that Quiroz assaulted Ruby independent of Officer Rosas's testimony. Because it is beyond a reasonable doubt that Officer Rosas's testimony did not contribute to Quiroz's conviction, Quiroz suffered no harm from the admission of Officer Rosas's testimony. *See id.* We thus overrule Quiroz's final point of error.

---

[6] The trial court overruled defense counsel's hearsay objections as to both the Officer Rosas and Gover because the State properly laid the foundation that Ruby's statements were excited utterances; Quiroz does not contest those rulings on appeal. *See Rezac*, 782 S.W.2d at 869–70.

## CONCLUSION

Because Quiroz failed to preserve error as to Officer Rosas's opinion testimony that Quiroz committed a crime, and as to his claim that he was entitled to impeach Gover for bias, the trial court committed no reversible error. Moreover, the trial court did not err in excluding evidence of Gover's prior misconduct with Ruby because that evidence was impermissible character evidence under Texas Rule of Evidence 404(b). Finally, even assuming the trial court committed constitutional error by admitting Officer Rosas's testimony as to Ruby's statements to him, this error was harmless because Gover testified to the same facts, which were sufficient for a conviction of assault bodily injury of Ruby. Accordingly, we affirm the judgment of the trial court.

Rebecca Simmons, Justice

DO NOT PUBLISH