COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| JESUS GARZA, | § | No. 08-11-00035-CR |
| Appellant, | § | Appeal from |
| v. | § | Criminal District Court No. 3 |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC # 1188136D) |

**O P I N I O N**

Jesus Garza appeals his conviction of indecency with a child (lesser included offense of Count I) and aggravated sexual assault of a child (Count II). We affirm.

**FACTUAL SUMMARY**

On the evening of August 6, 2009, Appellant babysat five-year-old A.S. who was normally a happy and "bouncy" child. When A.S. returned home at around midnight, her mother, Heather Holden, immediately knew that something was wrong because A.S. was quiet and "blank." Holden asked A.S. what was wrong and she replied that her "tee-tee hurt." Holden took A.S. into the bathroom and noticed that her genital area was red. Holden prepared a bath for A.S. but she did not play in the water like she normally did but instead just sat there. Holden asked her what was wrong and A.S. replied that "Jacob's daddy" touched her while she was sleeping. Holden knew from A.S.'s description of the man that she was referring to Appellant. A.S. told her that Appellant stuck two fingers all the way in her and it hurt. She also said that he licked her. Holden thought that her sister's boyfriend, Jacob Garza, had watched A.S. that evening while Holden was at work, so she called her sister, Amber. After speaking with Amber,

Holden put A.S.'s clothes in a plastic bag and went to the apartment where A.S. had been that evening. Holden called the police and spoke with officers at the scene. She took A.S. to a children's hospital later than morning.

Rebecca Sullivan, a forensic nurse at Cook Children's Medical Center, performed a sexual assault exam on A.S. Sullivan asked A.S. questions in order to gather a medical history and A.S. told her that "Jacob's dad" touched her "you know what" while she was asleep. She told Sullivan that he put his whole hand in her "tee-tee" and he licked her "tee-tee." Sullivan did not find any injuries during the examination.

At trial, A.S. testified consistent with what she told her mother and Sullivan. She testified that Appellant put his finger in her "tee-tee" and he put his tongue on her "tee-tee."

Corporal Jason Flake of the Arlington Police Department was dispatched to the apartment at approximately 1:16 a.m. in response to Holden's 911 call. Flake spoke with both Holden and Jacob Garza at the apartment but he did not speak with A.S. because she would be interviewed by someone with specialized training in interviewing children in a case where there were allegations of sexual assault. Holden turned over to Flake the plastic baggie containing A.S.'s clothing worn earlier that evening. After Appellant consented to a search of his hands for DNA evidence, an officer collected that evidence by swabbing his hands.

Carolyn Van Winkle is employed by the Tarrant County Medical Examiner's Office in the DNA section of the crime laboratory and she conducted DNA testing in this case. Van Winkle utilized the buccal swabs taken from A.S. and Appellant to generate DNA profiles. She found a DNA mixture on the swabs taken from Appellant's left hand and found that A.S. could not be excluded as the source. The probability that someone other than A.S. was the source was 1 in 849 million Caucasians, 1 in 14.5 billion African-Americans, and 1 in 72 billion southwest

Hispanics. Van Winkle also found a DNA mixture profile from at least three contributors on the crotch area of A.S.'s panties. A.S. was the source of the major DNA profile and Appellant could not be excluded as a contributor. At least 99.9 percent of unrelated individuals in the Caucasian, African-American, and Hispanic populations could be excluded as the possible contributor of the DNA mixture.

Appellant testified at trial and denied committing the charged offenses. He explained that A.S. woke up crying and he patted her on the back. A.S. then went back to sleep.

The indictment alleged that Appellant committed aggravated sexual assault of a child, A.S., by inserting his finger into her vagina (Count I), and aggravated sexual assault of A.S. by causing his mouth to contact her sexual organ (Count II). Each count included a special issue which alleged that A.S. was younger than six years of age at the time of the offenses. With respect to Count I, the jury found Appellant guilty of the lesser included offense of indecency with a child. The jury found Appellant guilty of aggravated assault as charged in Count II. The trial court found the special issue true as to each count and sentenced Appellant to serve a term of imprisonment of twenty years on Count I and a term of fifty years on Count II.

## USE OF THE WORD "VICTIM"

In Issue One, Appellant argues that the trial court abused its discretion by overruling his objection to a police officer's use of the term "victim" in his testimony when referring to the complainant. The State responds that Appellant waived his complaint because he did not object each time the witness used the term.

### Preservation of Error

Evidentiary error must be preserved by making a proper objection and securing a ruling on that objection. TEX.R.APP.P. 33.1(a); TEX.R.EVID. 103(a); *Wilson v. State*, 71 S.W.3d 346,

349 (Tex.Crim.App. 2002). A proper objection is one that is specific and timely. *See* TEX.R.APP.P. 33.1(a). An objection must be made each time inadmissible evidence is offered unless the complaining party obtains a running objection or obtains a ruling on his complaint in a hearing outside the presence of the jury. *Lopez v. State*, 253 S.W.3d 680, 684 (Tex.Crim.App. 2008); *Ethington v. State*, 819 S.W.2d 854, 858 (Tex.Crim.App. 1991); *Peralta v. State*, 338 S.W.3d 598, 609 (Tex.App.--El Paso 2010, no pet.).

Appellant made one objection to Corporal Flake's use of the term victim. The record reflects that Corporal Flake referred to the complainant, A.S., as the victim several more times during the course of his testimony but Appellant did not continue to object or ask for a running objection. Appellant likewise did not object when Detective Corinthia Campbell used the term victim when referring to A.S. Appellant therefore failed to preserve his complaint for our review. Issue One is overruled.

### HEARSAY

In his second issue, Appellant contends that the trial court abused its discretion by overruling his hearsay objection to the testimony of a child forensic interviewer, Carrie Paschall. The objection occurred during the following testimony:

> [The prosecutor]: When you were speaking with [A.S.], did you also show her some dolls?
>
> [Paschall]: I did.
>
> [The prosecutor]: And not getting into what she said, but was she able to use the dolls and describe sexual abuse to you?
>
> [Paschall]: Yes.
>
> [Defense counsel]: Judge, we are getting into hearsay again as to what the response was. That's hearsay, and there's no exception under 803. There's not an exception under 804.

[The trial court]: Overruled as to that question.

The State argues that Appellant waived his hearsay objection to this testimony because Paschall had already given essentially the same testimony without objection. Moments earlier, the following exchange had occurred:

[The prosecutor]: Now, I don't want to get into what she said, but just in general, did she disclose sexual abuse to you?

[Paschall]: Yes, she did.

Appellant did not object to this testimony outside the presence of the jury and he did not obtain a running objection. By failing to object each time the witness testified about A.S.'s statements, Appellant failed to preserve the issue. *See Lane v. State*, 151 S.W.3d 188, 193 (Tex.Crim.App. 2004) (defendant failed to preserve claim that admission of victim's out-of-court statements to police officers did not come within excited utterance exception to rule against hearsay where defendant failed to object each time witnesses testified about the statements). Issue Two is overruled.

## HYBRID REPRESENTATION

Appellant filed a *pro se* supplemental brief raising three additional issues even though appellate counsel had already filed a brief. A criminal defendant is not entitled to hybrid representation on appeal. *Robinson v. State*, 240 S.W.3d 919, 922 (Tex.Crim.App. 2007). Consequently, we will not address the issues raised in the *pro se* supplemental brief. *See Marshall v. State*, 210 S.W.3d 618, 620 n.1 (Tex.Crim.App. 2006)(refusing to address issues raised in *pro se* brief filed after defendant's counsel filed brief on appeal). Having overruled the issues presented on appeal, we affirm the judgment of the trial court.

May 23, 2012

_____
ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)