COURT OF
APPEALS

                                                   EIGHTH DISTRICT OF
TEXAS

                                                              EL
PASO, TEXAS

 


 
 
  
  
 JESUS GARZA,
  
                                    
 Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                                     Appellee.
 
  
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
  
 '
 
 
  
  
                   No. 08-11-00035-CR
  
                          Appeal from
  
  Criminal District Court No. 3
  
 of Tarrant County,
 Texas
  
 (TC # 1188136D)
 
 
 
 
  
  
 
 
  
  
 
 
  
  
 
 


                                                                  O
P I N I O N

 

Jesus Garza appeals his conviction of indecency with a child (lesser
included offense of Count I) and aggravated sexual assault of a child (Count
II).  We affirm.  

FACTUAL SUMMARY

            On the evening of August 6, 2009,
Appellant babysat five-year-old A.S. who was normally a happy and “bouncy”
child.  When A.S. returned home at around
midnight, her mother, Heather Holden, immediately knew that something was wrong
because A.S. was quiet and “blank.”  Holden
asked A.S. what was wrong and she replied that her “tee-tee hurt.”  Holden took A.S. into the bathroom and
noticed that her genital area was red.  Holden
prepared a bath for A.S. but she did not play in the water like she normally
did but instead just sat there.  Holden
asked her what was wrong and A.S. replied that “Jacob’s daddy” touched her
while she was sleeping.  Holden knew from
A.S.’s description of the man that she was referring to Appellant.  A.S. told her that Appellant stuck two
fingers all the way in her and it hurt.  She
also said that he licked her.  Holden
thought that her sister’s boyfriend, Jacob Garza, had watched A.S. that evening
while Holden was at work, so she called her sister, Amber.  After speaking with Amber, Holden put A.S.’s
clothes in a plastic bag and went to the apartment where A.S. had been that
evening.  Holden called the police and
spoke with officers at the scene.  She took
A.S. to a children’s hospital later than morning.  

            Rebecca Sullivan, a forensic nurse
at Cook Children’s Medical Center, performed a sexual assault exam on A.S.  Sullivan asked A.S. questions in order to
gather a medical history and A.S. told her that “Jacob’s dad” touched her “you
know what” while she was asleep.  She
told Sullivan that he put his whole hand in her “tee-tee” and he licked her
“tee-tee.”  Sullivan did not find any injuries
during the examination.

At
trial, A.S. testified consistent with what she told her mother and
Sullivan.  She testified that Appellant
put his finger in her “tee-tee” and he put his tongue on her “tee-tee.”  

Corporal
Jason Flake of the Arlington Police Department was dispatched to the apartment at
approximately 1:16 a.m. in response to Holden’s 911 call.  Flake spoke with both Holden and Jacob Garza
at the apartment but he did not speak with A.S. because she would be
interviewed by someone with specialized training in interviewing children in a
case where there were allegations of sexual assault.  Holden turned over to Flake the plastic
baggie containing A.S.’s clothing worn earlier that evening.  After Appellant consented to a search of his
hands for DNA evidence, an officer collected that evidence by swabbing his
hands.  

            Carolyn Van Winkle is employed by
the Tarrant County Medical Examiner’s Office in the DNA section of the crime
laboratory and she conducted DNA testing in this case.  Van Winkle utilized the buccal swabs taken
from A.S. and Appellant to generate DNA profiles.  She found a DNA mixture on the swabs taken
from Appellant’s left hand and found that A.S. could not be excluded as the
source.  The probability that someone
other than A.S. was the source was 1 in 849 million Caucasians, 1 in 14.5 billion
African-Americans, and 1 in 72 billion southwest Hispanics.  Van Winkle also found a DNA mixture profile
from at least three contributors on the crotch area of A.S.’s panties.  A.S. was the source of the major DNA profile
and Appellant could not be excluded as a contributor.  At least 99.9 percent of unrelated
individuals in the Caucasian, African-American, and Hispanic populations could
be excluded as the possible contributor of the DNA mixture.  

            Appellant testified at trial and
denied committing the charged offenses. 
He explained that A.S. woke up crying and he patted her on the
back.  A.S. then went back to sleep.  

The
indictment alleged that Appellant committed aggravated sexual assault of a
child, A.S., by inserting his finger into her vagina (Count I), and aggravated
sexual assault of A.S. by causing his mouth to contact her sexual organ (Count
II).  Each count included a special issue
which alleged that A.S. was younger than six years of age at the time of the
offenses.  With respect to Count I, the
jury found Appellant guilty of the lesser included offense of indecency with a
child.   The jury found Appellant guilty
of aggravated assault as charged in Count II.  
The trial court found the special issue true as to each count and
sentenced Appellant to serve a term of imprisonment of twenty years on Count I
and a term of fifty years on Count II.  

USE OF THE WORD “VICTIM”

            In Issue One, Appellant argues that
the trial court abused its discretion by overruling his objection to a police
officer’s use of the term “victim” in his testimony when referring to the
complainant.  The State responds that
Appellant waived his complaint because he did not object each time the witness
used the term. 

Preservation of Error

Evidentiary
error must be preserved by making a proper objection and securing a ruling on
that objection. Tex.R.App.P.
33.1(a); Tex.R.Evid. 103(a); Wilson v. State, 71 S.W.3d 346, 349
(Tex.Crim.App. 2002).  A proper objection
is one that is specific and timely.  See Tex.R.App.P.
33.1(a).  An objection must be made each
time inadmissible evidence is offered unless the complaining party obtains a
running objection or obtains a ruling on his complaint in a hearing outside the
presence of the jury.  Lopez v. State, 253 S.W.3d 680, 684
(Tex.Crim.App. 2008); Ethington v. State,
819 S.W.2d 854, 858 (Tex.Crim.App. 1991); Peralta
v. State, 338 S.W.3d 598, 609 (Tex.App.--El Paso 2010, no pet.).  

            Appellant made one objection to
Corporal Flake’s use of the term victim. 
The record reflects that Corporal Flake referred to the complainant,
A.S., as the victim several more times during the course of his testimony but
Appellant did not continue to object or ask for a running objection.  Appellant likewise did not object when
Detective Corinthia Campbell used the term victim when referring to A.S.  Appellant therefore failed to preserve his
complaint for our review.  Issue One is
overruled.

HEARSAY

            In his second issue, Appellant
contends that the trial court abused its discretion by overruling his hearsay
objection to the testimony of a child forensic interviewer, Carrie
Paschall.  The objection occurred during
the following testimony:

[The
prosecutor]:  When you were speaking with
[A.S.], did you also show her some dolls?

 

[Paschall]:  I did.

[The
prosecutor]:  And not getting into what
she said, but was she able to use the dolls and describe sexual abuse to you?

 

[Paschall]:  Yes.

[Defense
counsel]:  Judge, we are getting into
hearsay again as to what the response was. 
That’s hearsay, and there’s no exception under 803.  There’s not an exception under 804.

 

[The
trial court]:  Overruled as to that
question.  

The State argues
that Appellant waived his hearsay objection to this testimony because Paschall
had already given essentially the same testimony without objection.  Moments earlier, the following exchange had
occurred:

[The
prosecutor]:  Now, I don’t want to get
into what she said, but just in general, did she disclose sexual abuse to you?

 

[Paschall]:  Yes, she did.  

Appellant
did not object to this testimony outside the presence of the jury and he did
not obtain a running objection.  By
failing to object each time the witness testified about A.S.’s statements,
Appellant failed to preserve the issue.  See Lane v. State, 151 S.W.3d 188, 193
(Tex.Crim.App. 2004) (defendant failed to preserve claim that admission of
victim’s out-of-court statements to police officers did not come within excited
utterance exception to rule against hearsay where defendant failed to object each
time witnesses testified about the statements). 
Issue Two is overruled.

HYBRID REPRESENTATION

            Appellant filed a pro se supplemental brief raising three
additional issues even though appellate counsel had already filed a brief.  A criminal defendant is not entitled to
hybrid representation on appeal.  Robinson v. State, 240 S.W.3d 919, 922
(Tex.Crim.App. 2007).  Consequently, we
will not address the issues raised in the pro
se supplemental brief.  See Marshall v. State, 210 S.W.3d 618,
620 n.1 (Tex.Crim.App. 2006)(refusing to address issues raised in pro se brief filed after defendant’s
counsel filed brief on appeal).  Having
overruled the issues presented on appeal, we affirm the judgment of the trial
court.

 

May 23, 2012                                      ________________________________________________

ANN CRAWFORD
McCLURE, Chief Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

 

(Do Not Publish)