

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1124-07, 1125-07

**OSVALDO LOPEZ, JR., Appellant**

**v.**

**THE STATE OF TEXAS**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE ELEVENTH COURT OF APPEALS
JONES COUNTY**

**KELLER, P.J., delivered the opinion of the unanimous Court.**

Texas Penal Code §12.45 permits a defendant (with the prosecutor's consent) to admit guilt of an unadjudicated extraneous offense, have that offense taken into account by the trial court in sentencing on the primary offense, and thereafter bar any future prosecution for that extraneous offense.[1]  In a prior prosecution, appellant and the State followed this procedure, and the trial court took into account two extraneous drug offenses.  In the present case, the State sought to introduce

---

[1] TEX. PEN. CODE §12.45(a), (c).

evidence of those drug offenses as "prior convictions" to impeach appellant as a witness under Texas Rule of Evidence 609. Two issues are presented: First, did appellant forfeit error by failing to object when the State cross-examined him about the prior offenses? Second, do extraneous offenses considered under §12.45 constitute prior convictions available for impeachment under Rule 609? We answer both questions "no" and affirm the judgment of the court of appeals.

## I. BACKGROUND

### A. Trial

Appellant was charged with two deliveries of cocaine. At trial, after the State rested its case, he informed the trial judge that he intended to testify. The State then advised the court that it would seek to introduce three documents for impeachment purposes in the event that appellant testified. The trial judge convened a hearing outside the presence of the jury to address this issue. The first document that the State sought permission to introduce was a judgment of conviction for the offense of illegal investment, a first-degree felony.[2] The first page of that document contained a notation that the plea agreement included "Sec. 12.45 P.C. Counts Two and Three." The second document was a motion to dismiss two extraneous drug-possession offenses on the ground that they had been taken into account in a prior sentencing hearing under Texas Penal Code §12.45. The third document was an order granting the motion to dismiss.

Relying upon *Perea v. State*,[3] the State contended that the circumstances surrounding the use of an extraneous offense under §12.45 essentially make it a prior "conviction" for impeachment purposes under Texas Rule of Evidence 609. The defense contended that the extraneous offenses

---

[2] *See* TEX. HEALTH & SAFETY CODE §481.126.

[3] 870 S.W.2d 314 (Tex. App.–Tyler 1994, no pet.).

had not been properly disposed of under §12.45, and even if they had been, they still did not constitute "convictions." The defense stipulated to the admissibility of the judgment for the illegal-investment conviction, however, and said that it had no objection to the §12.45 reference contained in that judgment. After hearing argument, the trial judge said: "All right. Thank you. I am going to allow the admission of the documents for the purpose of impeachment in the event that the Defendant testifies." No further request or objection was made by either party during the hearing after the trial judge made this ruling.

Appellant testified at the guilt phase of trial. On cross-examination he acknowledged that, as part of a plea bargain in his prior illegal-investment case, he admitted to two other drug offenses that were considered by the judge and subsequently dismissed. At the conclusion of this testimony, the following occurred:

[PROSECUTOR]: Judge, I offer State's Exhibit 9 into evidence.

[DEFENSE COUNSEL]: Judge, I object for the reasons previously stated. I'd ask you for a running objection with respect to any information that you all in –

[THE COURT]: It's granted. Your running objection is granted, and the document is admitted.

[DEFENSE COUNSEL]: What did you say about the objection being –

[THE COURT]: The document is admitted. The objection is overruled.

[DEFENSE COUNSEL]: Okay.

[THE COURT]: But the running objection is granted.

State's Exhibit 9 is the judgment of conviction for illegal investment.[4]

## B. Appeal

On appeal, appellant claimed that the trial court erred in admitting impeachment evidence involving the §12.45 extraneous offenses.[5] The court of appeals first responded to the State's contention that appellant had failed to preserve error for review.[6] Relying upon *Geuder v. State*,[7] the court of appeals held that appellant had preserved error because he had lodged his objection in a hearing outside the presence of the jury.[8] With respect to the merits of the admissibility question, the court of appeals held that an extraneous offense considered under §12.45 was not a "conviction" for the purpose of impeachment under Rule 609 and that the trial court erred in admitting the extraneous offenses for impeachment purposes.[9] Additionally, the appellate court held that the trial court erred by failing to determine whether the probative value of the extraneous offenses outweighed their prejudicial effect.[10] Finally, the court of appeals held that appellant was harmed

---

[4] The court of appeals said that the motion to dismiss and order were not admitted into evidence. *Lopez v. State*, 230 S.W.3d 875, 883 n.1(Tex. App.–Eastland 2007). The State contends that this is factually incorrect because the motion to dismiss and order were attached as the last page to State's Exhibit 9. The record before us does not show Exhibit 9 to contain such a page. We need not address this matter further, however, because our disposition of the case is not affected by whether those documents were in fact admitted.

[5] *See id.* at 882.

[6] *Id.* at 882-84.

[7] 115 S.W.3d 11 (Tex. Crim. App. 2003).

[8] *Lopez*, 230 S.W.3d at 883-84.

[9] *Id.* at 884.

[10] *Id.*

by the error. The court reversed the conviction and remanded the case for a new trial.[11]

## II. ANALYSIS

### A. Preservation

To preserve error, a complaining party must make a timely and specific request, objection, or motion and obtain an express or implied ruling on that request, objection, or motion.[12] Moreover, an objection must be made each time inadmissible evidence is offered unless the complaining party obtains a running objection or obtains a ruling on his complaint in a hearing outside the presence of the jury.[13]

In this case, there was a hearing outside the presence of the jury, but that does not end the inquiry because we must still address the scope of the trial judge's ruling at that hearing. In *Geuder*, the case upon which the court of appeals relied, the trial judge's ruling plainly applied globally to any inquiry about prior felony convictions.[14] The question here is whether the State's request to introduce documents, along with the trial judge's use of the word "documents" in his ruling effectively limited the scope of the ruling to documentary evidence.

We hold that it did not, because the trial judge had earlier communicated his understanding that the State was seeking to cross-examine the defendant about his prior convictions. At the

---

[11] *Id.* at 885. The court of appeals addressed and rejected appellant's other points of error. *Id.* at 879-82.

[12] *Geuder*, 115 S.W.3d at 13 (discussing TEX. R. APP. P. 33.1).

[13] *Id.* (discussing TEX. R. EVID. 103 and caselaw).

[14] *See id.* at 14 ("I don't … see how the defense could claim surprise of his own client's criminal history. It will be denied as long as [we're talking abut] prior convictions and not talking about the extraneous"; ellipsis in original, bracketed material added).

beginning of the hearing, the trial judge said:

> We're on record outside the presence of the jury. The State has rested, and the Defense has made it aware that Mr. Lopez is going to take the stand here in a few moments. With that. The State has made it – has advised that he is going to be examining Mr. Lopez – cross-examining him in regards to some prior convictions, specifically some unadjudicated prior convictions.

We therefore agree with appellant that the trial judge made at least an implied ruling permitting the State to elicit testimony on the matter during cross-examination.

### B. Merits

At issue here is the confluence of a statute, §12.45, with a rule of evidence, Rule 609. §12.45 provides in relevant part:

> (a) A person may, with the consent of the attorney for the state, admit during the sentencing hearing his guilt of one or more unadjudicated offenses and request the court to take each into account in determining sentence for the offense or offenses of which he stands adjudged guilty.
>
> * * *
>
> (c) If a court lawfully takes into account an admitted offense, prosecution is barred for that offense.[15]

Rule 609(a) provides:

> For the purpose of attacking the credibility of a witness, evidence that the witness has been *convicted* of a crime shall be admitted if elicited from the witness or established by public record but only if the crime was a felony or involved moral turpitude, regardless of punishment, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party.[16]
>
> Under *Boykin v. State*, we construe a statute in accordance with the plain meaning of its

---

[15] §12.45(a), (c).

[16] T EX. R. EVID. 609(a)(emphasis added).

language unless the language is ambiguous or the plain meaning leads to absurd results that the Legislature could not possibly have intended.[17] *Boykin*'s holding does not apply to the interpretation of court rules; in construing the meaning of rules the appellate courts *may* consider extratextual sources even absent ambiguity or absurd results.[18] Nevertheless, while courts have more flexibility when it comes to interpreting court rules, they "should attempt to effectuate the plain language absent important countervailing considerations."[19] In ascertaining the plain meaning of a word, we read words and phrases in context and construe them according to the rules of grammar and usage.[20] Furthermore, a word should be construed according to any technical or particular meaning that it has acquired by legislative definition or otherwise.[21] We initially consult dictionary definitions for the plain meaning of a word, and definitions from a legal dictionary are especially appropriate for ascertaining the meaning of a legal term.[22]

With respect to the term "convicted," Black's Law Dictionary, Fifth Edition, provides, "See conviction," and provides the first definition of "conviction" as, "In a general sense, the result of a criminal trial which ends in a judgment or sentence that the accused is guilty as charged."[23] This definition, which accords with what we think is the common general meaning of the word, suggests

---

[17] 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

[18] *Donovan v. State*, 68 S.W.3d 633, 635 (Tex. Crim. App. 2002); *Henderson v. State*, 962 S.W.2d 544, 551-52 (Tex. Crim. App. 1997).

[19] *Henderson*, 962 S.W.2d at 552.

[20] *Ex parte Hood*, 211 S.W.3d 767, 773 (Tex. Crim. App. 2007).

[21] *Ex parte Rieck*, 144 S.W.3d 510, 512 (Tex. Crim. App. 2004).

[22] *Id.*

[23] B LACK'S LAW DICTIONARY 301 (5th ed. 1989).

a strict formality: for there to be a conviction, there must ordinarily be a judgment of guilt for the crime in question.

This conclusion is consistent with this Court's treatment of deferred adjudication under Rule 609. We have held that a trial judge's decision to defer adjudication does not constitute a "conviction" under that rule.[24] Although deferred adjudication clearly involves a recognition of the defendant's guilt by the trial judge, no actual pronouncement of judgment of guilt occurs.[25]

The interplay between §12.45 and Article 37.07 was the basis for the Tyler Court of Appeals's holding in *Perea*, upon which the State has relied throughout the present prosecution. *Perea* relied upon our decision in *Whalon v. State*[26] for the proposition that an unadjudicated extraneous offense that had previously been considered under §12.45 constituted a part of the "prior criminal record" under Article 37.07.[27] Because the definition of "prior criminal record" included "final convictions," the *Perea* court reasoned that §12.45 offenses must be treated as final convictions for Rule 609 purposes.[28]

---

[24] *Jones v. State*, 843 S.W.2d 487, 496 (Tex. Crim. App. 1992).

[25] *See* TEX. CODE CRIM. PROC. art. 42.12, §5(a)(judge makes a "finding that [the evidence] substantiates the defendant's guilt" but decides to "defer further proceedings").

[26] 725 S.W.2d 181, 195 (Tex. Crim. App. 1986)(on rehearing).

[27] *Perea*, 870 S.W.2d at 318.

[28] *Id.* Until 1994, unadjudicated extraneous offenses were not otherwise admissible at the punishment stage of a non-capital trial. *See* TEX. CODE CRIM. PROC. art. 37.07, §3(a)(1988)(providing for the admission of a defendant's "prior criminal record" and "his general reputation and his character"); *Grunsfeld v. State*, 843 S.W.2d 521, 524-26 (Tex. Crim. App. 1992)(holding that 1989 amendments did not expand the statute to include the admission of unadjudicated extraneous offenses); art. 37.07, §3(a)(1994)(superseding *Grunsfeld*).

But the *Perea* court's logic was faulty. "Prior criminal record" did then[29] and does now[30] include matters other than "final convictions." Even if §12.45 offenses were part of a defendant's "prior criminal record," that fact would not make them "final convictions" for the purpose of Rule 609. Moreover, this Court's comment in *Whalon* with respect to the §12.45 offense being part of the prior criminal record was mere *dicta* that was phrased not even as a positive statement, but as a question.[31]

Finally, we observe that the §12.45 procedure can be implemented only if the State consents. If the State wishes to have the use of that extraneous offense as a prior conviction, it has another option: it can seek a conviction on the extraneous offense.

The judgment of the court of appeals is affirmed.[32]

Delivered: May 14, 2008

Publish

---

[29] At the time *Whalon* was decided, the term "prior criminal record" included probated or suspended sentences, *see* TEX. CODE CRIM. PROC. Art. 37.07, §3(a)(1986), but probated sentences are only sometimes admissible under Rule 609, *see* Rule 609(c)(2)(1994 & present).

[30] *See* TEX. CODE CRIM. PROC. Art. 37.07, §3(a)(1)(the term "prior criminal record" is no longer defined).

[31] *Whalon*, 725 S.W.2d at 195 (question asked after a finding of procedural default and harmless error).

[32] Given our disposition of the case, we need not address a subsidiary complaint made by the State regarding the court of appeals's holding that the trial court committed error by failing to conduct a Rule 609 balancing test with respect to prejudice versus probative value, and we express no opinion on the matter.