**Affirmed and Memorandum Opinion filed November 1, 2011.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-10-00583-CR

_____

### EDWARD WILLIAM BAUMGARTNER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

_____

**On Appeal from the County Criminal Court at Law No. 8**
**Harris County, Texas**
**Trial Court Cause No. 158403701010**

_____

## MEMORANDUM OPINION

In the appeal of his conviction for driving while intoxicated, appellant Edward William Baumgartner contends that the trial court erred in denying his motion to permit a defense witness to testify free of impeachment from evidence of a prior conviction. Appellant wanted his son-in-law to testify for the defense, but only if the witness could do so without being impeached with evidence of a prior conviction. The trial court denied the motion, but because the witness would have testified to substantially the same facts as those introduced through the testimony of appellant's daughter, any error in denying the motion was harmless. We therefore affirm the trial court's judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 3, 2009, appellant drove his car into the rear of a vehicle belonging to the Texas Department of Public Safety ("TDPS"). The driver reported the incident to his supervisor, who sent State Trooper Donald Nixon to the scene to investigate. While speaking with appellant, Nixon smelled alcohol on appellant's breath and asked appellant how much alcohol he had drunk. Although appellant responded that he had drunk one beer, he failed a field sobriety test, and Nixon arrested him for driving while intoxicated. Appellant refused to submit to a blood-alcohol test or a breath test.

At trial, appellant's daughter Misty Stankevitz testified that appellant had returned from overseas the day before his arrest and she had seen him awake several times during the night. According to Misty, appellant did not appear intoxicated when he left her home on the afternoon of the accident. After Misty testified, appellant filed a motion asking the trial court to permit Misty's husband Sheldon to testify without being impeached by evidence of his prior conviction for possession of a controlled substance. The trial court denied appellant's motion and Sheldon did not testify.

The jury convicted appellant of the charged offense and the trial court assessed punishment at one year's confinement, probated to 18 months' community supervision. The trial court further assessed a total of $800 in fines; required appellant to avoid alcohol during his probation and to submit to a monthly urinalysis and any requested breath tests; ordered him to attend support-group meetings and victim-impact classes; suspended his driver's license for six months; and required him to use an interlock device for all driving after his suspension period. In the sole issue presented, appellant argues that the trial court erred in denying the motion to allow Sheldon to testify free of impeachment with evidence of his past conviction for possession of a controlled substance.

## II. ANALYSIS

Under Texas Rule of Evidence 609(a), one can impeach a witness's credibility by eliciting or introducing evidence of a prior conviction, but only if certain conditions are met. *See* TEX. R. EVID. 609. Among other things, the prior conviction must be for a felony or a crime of moral turpitude, and the probative value of the evidence must outweigh its prejudicial effect. TEX. R. EVID. 609(a). If it has been more than ten years since the conviction or the witness's release from confinement for the conviction, then the evidence is inadmissible unless specific facts and circumstances cause its probative value to substantially outweigh its prejudicial effect. TEX. R. EVID. 609(b). We review a trial court's decision to admit evidence of a prior conviction under an abuse-of-discretion standard. *Theus v. State*, 845 S.W.2d 874, 881 (Tex. Crim. App. 1992). Even if the trial court erred, however, we will conclude that the error was harmless if, after examining the record as a whole, we are reasonably sure that the error had little or no effect on the factfinder's decision. *Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004).

Appellant argues that (a) the impeachment value of Sheldon's possession offense is low, (b) Sheldon's 1997 conviction was too remote to form the basis of impeachment, and (c) the probative value of the evidence of Sheldon's conviction did not substantially outweigh its prejudicial effect. *See* TEX. R. EVID. 609; *see also Theus*, 845 S.W.2d at 880 (identifying impeachment value of prior crime and its temporal proximity as factors relevant in Rule 609 analysis). The State concedes that the impeachment value of the conviction is low, but maintains that Sheldon's credibility was of such central importance that it was important for the jury to consider his prior conviction. *See Theus*, 845 S.W.2d at 880 (identifying importance of witness's credibility as additional factor in Rule 609 analysis). It further argues that although Sheldon received deferred adjudication for his possession offense in 1997, the revocation of that deferral in 2007, resulting in conviction, rendered the evidence not too remote for admission. *See Lopez v. State*, 253 S.W.3d 680, 685 (Tex. Crim. App. 2008) (deferred adjudication does not constitute a conviction under

3

Rule 609 because it does not involve an adjudication of guilt); TEX. CODE. CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2009) (violation of condition of community supervision results in an adjudication of guilt on the original charge, after which "all proceedings, including assessment of punishment . . . and defendant's appeal continue as if the adjudication of guilt had not been deferred."). Finally, the State argues that any error in overruling the motion was harmless.

Assuming, without deciding, that appellant's complaint was preserved and that the trial court erred in denying appellant's motion, we conclude that any such error was harmless. Appellant's counsel stated at the bench conference that Sheldon would testify that he had been with appellant both the day before and the day of the incident; that he had noticed that appellant had been unable to sleep; and that appellant had "no alcohol in his system" and had been "physically and mentally normal other than just being exhausted." Sheldon confirmed these facts in the hearing outside the jury's presence. Sheldon did not take the stand after the court's ruling. However, because Misty already had testified to substantially the same facts, any error in denying appellant's motion was harmless. *See Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002) (in assessing the likelihood that a jury's decision was adversely affected by an alleged error, an appellate court should consider everything in the record, including any testimony admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error, and how it might be considered in connection with other evidence in the case). We therefore overrule the sole issue presented and affirm the trial court's judgment.


/s/    Tracy Christopher
Justice


Panel consists of Chief Justice Hedges and Justices Anderson and Christopher.

Do Not Publish — TEX. R. APP. P. 47.2(b).

4