**AFFIRM; and Opinion Filed June 16, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01534-CR

### MICHAEL ADAMS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the Criminal District Court No. 7
### Dallas County, Texas
### Trial Court Cause No. F12-00936-Y

## MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Lang-Miers

A jury convicted appellant Michael Adams of aggravated assault with family violence, found two enhancement paragraphs true, and assessed punishment at 35 years in prison. Appellant raises five issues on appeal. In his first four issues appellant complains about the trial court's denial of his motion for mistrial and certain evidentiary rulings. In his fifth issue appellant argues that the cumulative effect of the constitutional violations committed during his trial denied him due process of law. We affirm.

### BACKGROUND

Appellant was charged with assaulting his girlfriend, who was four months pregnant with appellant's child at the time. The State's evidence included testimony from members of the Grand Prairie police and fire departments, the recording of the complainant's 911 call, pictures of the complainant taken at the scene (showing injuries to her face, neck, and abdomen),

ambulance records, hospital records, and testimony from the surgeon who operated on the complainant to repair her broken jaw. At trial the complainant denied that appellant assaulted her. She testified that on the night in question she was injured during a street fight with four girls that occurred before appellant arrived, and that she "made a false police report" because she was angry with appellant that night.

## FIRST ISSUE

In his first issue appellant argues that the trial court abused its discretion when it denied two motions for mistrial after the State "blatantly disregarded" two limine rulings and "elicited testimony not only that [appellant] was married but also that he had a criminal history." In his brief appellant quotes the witness's answers, after which the trial court sustained appellant's counsel's objections, instructed the jury to disregard the answers, and denied appellant's motions for mistrial. Appellant also generally describes the standard of review for abuse of discretion and the procedural steps necessary to preserve complaints about violations of limine rulings for appellate review. But appellant does not present any argument or cite any relevant authority in support of his claim that the trial court should have granted a mistrial in this case. *See* TEX. R. APP. P. 38.1(i) ("[Appellant's] brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). As a result, we overrule appellant's first issue. *See, e.g.*, *Jones v. State*, 119 S.W.3d 766, 784 (Tex. Crim. App. 2003); *Wells v. State*, 08-09-00110-CR, 2010 WL 3009306, at *3 (Tex. App.—El Paso July 30, 2010, pet. ref'd) (not designated for publication).

## SECOND ISSUE

In his second issue appellant argues that the trial court erred when it overruled his hearsay objection and admitted into evidence as State's Exhibit 1 a copy of the Grand Prairie Fire Department's "Patient Care Record" pertaining to the complainant. On appeal appellant

argues that State's Exhibit 1 was inadmissible under Texas Rule of Evidence 803(8)(B) because "the Fire Department could be characterized as law enforcement personnel."

We cannot address the merits of appellant's second issue because his complaint on appeal does not comport with his objection in the trial court. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004) ("it is well settled that the legal basis of a complaint raised on appeal cannot vary from that raised at trial"). During trial the State offered Exhibit 1 into evidence and appellant's counsel responded, "I would simply object to the hearsay of the narrative portion of this document." The prosecutor explained that Exhibit 1 was admissible under rule 803(4) (the exception to the hearsay rule for "[s]tatements made for purposes of medical diagnosis or treatment"), and the trial court overruled the objection. Appellant's counsel did not cite rule 803(8)(B) or otherwise argue to the trial court that State's Exhibit 1 was inadmissible because the fire department is akin to law enforcement personnel. We resolve appellant's second issue against him.

### THIRD ISSUE

In his third issue appellant argues that the trial court erred when it allowed the State to question the complainant about her prior inconsistent statements to authorities concerning the cause of her injuries on the night in question. Appellant quotes the following excerpt from the State's examination of the complainant:

> Q.    Now, it's fair to say what you told the police and what you told the detective about [appellant] is completely different that [sic] what you're talking about today?
>
> A.    Yes, it is.
>
> Q.    What you told the police is that he assaulted you, correct?
>
> A.    Yes
>
> [Appellant's counsel]: Objection, Your Honor. She—This is actually improper impeachment. She's already admitted that she told a different story previously. It's appropriate to move on at this point.

THE COURT: Thank you. Your objection is overruled. It's allowed under Rule 611.

Q. What specifically did you tell the police about what [appellant] allegedly did to you?

A. I just don't remember everything that was said. I know that I said that he had hit me and that he had choked me. I honestly don't remember what I had said to them. Everything, to be honest, I do not know.

Q. Do you remember telling the police that he used his fist to strike you in the face?

A. I remember saying that he hit me in the face, yes.

Q. Do you remember telling the police that he choked you?

A. Yes, I remember telling the police that.

Q. Do you remember telling the police that you had trouble breathing?

A. Yes, I remember telling the police that.

Q. Do you remember telling the police that you were dizzy?

A. Yes, I remember saying that.

Q. Do you remember telling the police that you were in extreme pain?

A. Yes, I do.

Q. Do you remember telling the detective while you were at the hospital the same story?

A. Yes.

Q. So at two different times—

A. I kept the same story for awhile because I did not want to get into trouble for telling the police a lie.

Relying on Texas Rule of Evidence 613, appellant argues that the State should not have been allowed to question the complainant about her prior inconsistent statement because she "unequivocally admitted having made those statements."

We cannot analyze the merits of appellant's third issue for two reasons. First, appellant does not address the basis of the trial court's ruling—i.e., that the testimony was admissible

–4–

under rule 611. *See, e.g.*, *Webb v. State*, No. 01-10-01041-CR, 2012 WL 897766, at \*1 ((Tex. App.—Houston [1st Dist.] Mar. 15, 2012, no pet.) (mem. op., not designated for publication) (overruling appellant's complaint about admission of evidence because appellant did not "contest[ ] all possible bases for the trial court's ruling"); *see generally Rhodes v. State*, 240 S.W.3d 882, 886 n.9 (Tex. Crim. App. 2007) ("The party who loses at the trial level must address both the trial court's ruling and the rationale for that ruling[.]").  Second, appellant's counsel objected only to the first question and did not object to the other questions or obtain a running objection. *See Lopez v. State*, 253 S.W.3d 680, 684 (Tex. Crim. App. 2008) (to preserve error "an objection must be made each time inadmissible evidence is offered unless the complaining party obtains a running objection or obtains a ruling on his complaint in a hearing outside the presence of the jury").  We resolve appellant's third issue against him.

### FOURTH ISSUE

In his fourth issue appellant argues that the trial court erred when it allowed an investigator to testify about a telephone conversation the investigator had with the complainant while she was in the hospital.  In a hearing outside the presence of the jury before the investigator testified, the State argued that the complainant's statements to the investigator were admissible as a "present sense impression which is ongoing during her medical treatment."  In response, appellant's counsel objected and argued, "present sense impression is not appropriate in this instance because she's not describing something that she's observing.  She would be discussing something that occurred previously."  In response, the trial court overruled the objection and explained, "I'm allowing it under [rule] 803.3."  The investigator then took the witness stand and described the telephone conversation to the jury as follows:

> When I spoke to her she was in the hospital.  She sounded like she was in a lot of pain.  She told me that her boyfriend had come to her home to pick up a puppy. He seemed agitated when he got there, that they argued.  During the argument, I believe she said he was calling her a white bitch, and different names.  She got

–5–

upset and called him a nigger, at which time he got very upset and started pounding her in the face.

The prosecutor asked the investigator to explain the phrase "pounding her in the face," and the investigator responded,

It means he was striking her, hitting her in the face. She then stated that he began to choke her. She tried to call—run to the phone at which time he grabbed the phone, pulled it out of the wall, hit her in the stomach with the receiver. At that time, she said that she was afraid of him. She was giving me a code to get into the hospital to see her because she said she was afraid of him. She—I needed this code to speak with her.

On appeal, appellant argues that the complainant's statements were hearsay and not admissible under rule 803(3) because they "were not reflective of her state of mind or belief but simply recounts of her memory of events." In response, the State argues that some of the investigator's testimony was admissible under rule 803(3), and any error in admitting the remainder was harmless because the same evidence was admitted elsewhere without objection during trial. We agree with the State.

We review the trial court's admission of evidence for an abuse of discretion. *See De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). If the trial court's ruling is within the zone of reasonable disagreement, there is no abuse of discretion. *Id*. at 343–44. Erroneously admitted evidence "will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling." *Coble v. State*, 330 S.W.3d 253, 282 (Tex. Crim. App. 2010) (quoting *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998)). In other words, error in the admission of evidence may be rendered harmless when "substantially the same evidence" is admitted elsewhere without objection. *Mayes v. State*, 816 S.W.2d 79, 88 (Tex. Crim. App. 1991); *see also Estrada v. State*, 313 S.W.3d 274, 302 n.29 (Tex. Crim. App. 2010) (noting any error was harmless in light of "very similar" evidence admitted without objection).

Under rule 803(3), "[a] statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, or bodily health)" is not excluded by the hearsay rule. Tex. R. Evid. 803(3). In this case, the complainant's statements that she was afraid of appellant were admissible under rule 803(3). And the complainant's statements about appellant injuring her were admitted elsewhere without objection. For example, after her 911 call was played for the jury, the complainant acknowledged that during that call she said, "He just hit me," and, "Oh, my God. He hit me." The complainant also acknowledged that she told the treating physician at the hospital that appellant caused her injuries. As a result, we resolve appellant's fourth issue against him.

## FIFTH ISSUE

In his fifth issue, appellant recites his first four issues on appeal and argues that the "foregoing errors were harmful in their cumulative effect" and denied him due process of law. For the reasons stated above, we cannot conclude that any of the trial court's rulings were erroneous. Accordingly, we also reject appellant's claim of cumulative error. *See Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999).

## CONCLUSION

We resolve appellant's issues against him and affirm.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)

121534F.U05

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL ADAMS, Appellant

No. 05-12-01534-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F12-00936-Y.
Opinion delivered by Justice Lang-Miers.
Justices Myers and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 16th day of June, 2014.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE