**Affirmed as modified; Opinion Filed July 20, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00793-CR

### ROLANDO JAMESON MCMATH, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F14-51770-N**

# MEMORANDUM OPINION
Before Justices Lang, Myers, and Stoddart
Opinion by Justice Myers

Appellant Rolando Jameson McMath was convicted by the trial court of sexual assault of a child and sentenced to thirty years' imprisonment. He argues two issues, each asserting the trial court abused its discretion in admitting a forensic DNA report. The State raises one cross-point concerning mistakes in the judgment. We overrule appellant's issues, sustain the State's cross-point, modify the judgment, and affirm the judgment as modified.

#### DISCUSSION

### 1. Admission of the DNA Report: Proper Custodian

In his first issue, appellant argues the trial court erred in admitting the DNA report written by Kenneth Balagot, a forensic DNA analyst with the Southwestern Institute of Forensic Sciences (SWIFS), into evidence because the State did not produce a proper custodian or another qualified witness to sponsor the exhibit. Appellant does not argue the DNA report does not fall within the

business records exception to the hearsay rule, Texas Rule of Evidence 803(6), but that the trial court abused its discretion in admitting the report because Balagot's testimony did not indicate the document was reliable or trustworthy and—because of the untrustworthy nature of the report—Balagot was not the proper custodian of record to sponsor the DNA report.[1]

The State offered into evidence the DNA report written by Balagot, a forensic DNA analyst with SWIFS. His report detailed the DNA test result comparisons from the complainant's and appellant's buccal swabs to the condoms taken from the trash can in the room of the motel where appellant was arrested. Balagot testified that a serology report, which identified the bodily fluids and other biological material samples, was issued on April 29, 2014; it was filed on May 30, 2014. Balagot used that information in preparing his original August 29, 2014 DNA report. He also prepared several amended reports. His most recent corrected DNA report, admitted into evidence as State's exhibit 20, was issued on March 24, 2017, and filed on April 14, 2017. Balagot testified that he was a custodian of records for these reports.

Defense counsel took Balagot on voir dire, questioning him extensively on how a DNA report such as the one at issue was stored and retrieved at SWIFS. Balagot testified that the report was stored on site at the Dallas County Crime Lab in a restricted-access file room. Balagot testified that "nowadays" most records they generate are scanned into a computer database and stored on the laboratory information system. He added, however, that "some of these records, like the 2014 record, we still keep a physical record of the original." Balagot testified that these records are stored in filing cabinets and that "there's no[t] much maintenance there."

Balagot testified that if he turns in a report to be filed, another person files the report in a filing cabinet in the main restricted-access file room. Should a laboratory employee need a file

---

[1] Although appellant frames his issue as a single complaint, whether an individual was a proper witness to sponsor an exhibit and whether it is reliable or trustworthy are actually separate issues, and we will address them separately.

from the main file room, that employee cannot just go into the main file room and take the file; the file room is locked and the employee must request access to any files stored there. If Balagot needs a report, he must submit a request to an administrative assistant and the case file is brought from the main file room to another limited-access room. Access to this room is limited to people who have the keys, mostly laboratory personnel in the criminal investigation laboratory. Balagot testified that he would go to that limited-access file room and physically take out the file and bring it to court. He is responsible for the file "as a custodian of record." When he is done with the file, he puts the report back into the case file and takes it the limited-access file room for re-filing in the main file room.

At the end of voir dire, defense counsel objected that Balagot was not "the proper witness to authenticate a business record at" SWIFS. He also objected based on hearsay and "based upon the Motion to Suppress." In an exchange with the trial court, Balagot informed the court that when he takes records from the limited-access file room to bring them to court, he keeps them in his possession and returns them to the limited-access file room at SWIFS for re-filing in the main file room. He acknowledged that he is not responsible for re-filing the report. Balagot also informed the trial court that the defense had the DNA records in this case prior to their being brought to court that day, but they were not on file with the court. The State argued Balagot was a custodian of records and that the report was established as a business record. The trial court admitted the March 2017 DNA report, State's exhibit 20, into evidence.

An appellate court reviews a trial court's ruling on the admission of evidence under an abuse of discretion standard and upholds the trial court's ruling if it is within the zone of reasonable disagreement. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011).

Hearsay is a statement, other than one made by the declarant while testifying at the current trial or hearing, offered in evidence to prove the truth of the matter asserted. TEX. R. EVID. 801(d).

–3–

Hearsay is not admissible except as provided by statute, the rules of evidence, or otherwise prescribed under statutory authority. TEX. R. EVID. 802. Rule 803(6) creates an exception to the hearsay rule for

> [a] record of an act, event, condition, opinion, or diagnosis if:
>
> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted business activity;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by an affidavit or unsworn declaration that complies with Rule 902(10); and
>
> (E) the opponent fails to demonstrate that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness. "Business" as used in this paragraph includes every kind of regular organized activity whether conducted for profit or not.

TEX. R. EVID. 803(6); *Haq v. State*, 445 S.W.3d 330, 334 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd). The predicate for the business records exception has three requirements: (1) the record was made by or from information transmitted by a person with knowledge of the events or conditions recorded; (2) the record was made at or near the time of the events or conditions recorded; and (3) it was in the ordinary course of the reporting entity's business to make and keep such records. *See* TEX. R. EVID. 803(6); *Haq*, 445 S.W.3d at 334. The rule does not require that the witness laying the predicate for admission under this exception be an employee of the company keeping the record, as long as he has personal knowledge of "the mode of preparing the record." *Haq*, 445 S.W.3d at 334; *Huff v. State*, 897 S.W.2d 829, 839 (Tex. App.—Dallas 1995, pet. ref'd); *see also Campos v. State*, 317 S.W.3d 768, 778 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (testifying witness "need only have knowledge of how the record was prepared"). Evidence that qualifies under the business records exception may still be excluded, however, if the evidence does not have an adequate indicia of trustworthiness. *See* TEX. R. EVID. 803(6); *Philpot v. State*, 897

S.W.2d 848, 852 (Tex. App.—Dallas 1995, pet. ref'd).

To preserve error for review, an appellant must make a timely and specific request, objection, or motion and obtain an express or implied ruling on the request, objection, or motion. *Lopez v. State*, 253 S.W.3d 680, 684 (Tex. Crim. App. 2008). "Moreover, an objection must be made each time inadmissible evidence is offered unless the complaining party obtains a running objection or obtains a ruling on his complaint in a hearing outside the presence of the jury." *Id*. The complaint on appeal must comport with the objection made at trial. *Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014).

Defense counsel objected at trial to the DNA report on the ground that Balagot was "not the proper witness to authenticate a business record," and this complaint was preserved for appellate review. However, although appellant developed testimony about how the report was stored in the file room and how Balagot accessed it, he did not object that the document was unreliable, nor did he make any argument that it was untrustworthy. On the contrary, his objections at trial were hearsay and that Balagot was not the proper person to authenticate a business record. The defense also objected based on "the Motion to Suppress," which argued the evidence in the case was obtained as a result of an illegal search. Therefore, appellant's argument regarding the trustworthiness or reliability of the DNA report was not before he trial court, and the issue on appeal does not comport with the objection at trial. To the extent appellant now complains about the trustworthiness or reliability of the DNA report, he has failed to preserve that issue for appellate review. *See* TEX. R. APP. P. 33.1(a); *Bekendam*, 441 S.W.3d at 300.

As for the complaint that Balagot was not a proper witness or custodian of the complained-of DNA report, the record shows Balagot was the SWIFS DNA analyst who wrote the report—State's exhibit 20. He testified that he was a custodian of records for the report. Balagot's testimony showed he was a proper witness to establish the predicate for admission of the DNA

report as a business record.  *See Haq*, 445 S.W.3d at 334; *Huff*, 897 S.W.2d at 839.

Furthermore, were we to conclude appellant's complaint regarding trustworthiness or reliability was preserved, there was no abuse of discretion.  Balagot testified that reports "nowadays" are scanned into the SWIFS computer database and stored on the laboratory information system, but reports such as the one in this case were kept in a physical file in the on-site, main file room, to which access was restricted.  Balagot's testimony reflected that once a physical file such as the DNA report in this case was filed in a cabinet in the main file room, "no[t] much maintenance" occurred on the file; it remained there until a laboratory employee needed it.  When needed, the file was brought to another limited-access file room, and then taken by Balagot and brought to court.  Balagot's testimony also showed that, as a forensic DNA analyst, he was not only a custodian of records for the report; he wrote it.  Balagot had been an employee of SWIFS for sixteen years, and he holds degrees in microbiology and molecular biology.  Balagot testified about the location of the report since its creation.  In an exchange with the trial court, Balagot confirmed that the defense had the DNA records prior to trial, but the report was not on file with the trial court prior to it being brought to trial that day.  Balagot's testimony demonstrates the fundamental trustworthiness of the DNA report.  *See Haq*, 445 S.W.3d at 335; *Philpot*, 897 S.W.2d at 852.

Appellant points out that Balagot did not have control of the DNA report when it was in the main file room, complaining that Balagot did not testify about how the record was kept once it was stored in the main file room.  On the contrary, he said that "no[t] much maintenance" occurs on the files once they are in the main file room.  Appellant speculates that the report could have been edited while it was in the main file room, out of Balagot's control.  But he points to no affirmative evidence showing any alteration occurred or that the report, which was stored in a restricted-access file room, was unreliable.  Appellant does not argue the report is inaccurate, nor

does the record indicate it is inaccurate. In fact, Balagot testified about the report and was extensively cross-examined regarding its accuracy. Moreover, appellant acknowledges that the State did not "need a custodian to provide evidence about a document's whereabouts at all times," and he cites no authority imposing any such requirements after a DNA report is created.

We conclude the evidence reflects that Balagot was a proper witness to establish the predicate for admission of the DNA report, and that the trial court could have reasonably determined the DNA report was sufficiently trustworthy to fall within the business records exception. *See* TEX. R. EVID. 803(6); *Haq*, 445 S.W.3d at 335. We overrule appellant's first issue.

### 2. Admission of DNA Report: Relevance

In a second issue, appellant argues the trial court erred in admitting the DNA report because it was not relevant. This argument was not preserved for appellate review because, as we have already noted, the record shows defense counsel objected to the admission of the DNA report on the basis of hearsay, improper custodian of record, and the motion to suppress. *See* TEX. R. APP. P. 33.1(a); *Lopez*, 253 S.W.3d at 684. We overrule appellant's second issue.

### 3. State's Cross-Point

In a cross-point, the State asks us to modify the judgment to reflect that appellant pleaded "no contest" to the offense and that he did not enter into a plea bargain agreement with the State. An appellate court has "the power to correct and reform a trial court judgment 'to make the record speak the truth when it has the necessary data and information to do so, or make any appropriate order as the law and nature of the case may require.'" *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd); *see* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993).

In this case, the record shows appellant entered a plea of no contest to the charged offense. The "Judgment of Conviction by Court—Waiver of Jury Trial" incorrectly states that appellant's

"Plea to the Offense" was "Guilty," and also incorrectly states that the "Terms of Plea Bargain" were "30 YEARS TDCJ." The record does not reflect that appellant entered into a plea bargain agreement with the State. In addition, the judgment incorrectly states "N/A" for the plea to the first enhancement paragraph and "N/A" for the findings on the first enhancement paragraph. Also, the judgment incorrectly states that appellant pleaded "true" to a second enhancement paragraph, and that this second enhancement paragraph was found to be true, when the indictment contains no second enhancement paragraph.

Accordingly, we modify the judgment to show appellant's plea of "No Contest" and the "Terms of Plea Bargain" to read "N/A." We further modify the judgment to reflect the plea of true and the finding of true to the first enhancement paragraph, and to remove the plea of true and the finding of true to the second (nonexistent) enhancement/habitual paragraph.

We affirm the trial court's judgment as modified.


/Lana Myers/
LANA MYERS
JUSTICE


Do Not Publish
TEX. R. APP. P. 47.2(b)
170793F.U05

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROLANDO JAMESON MCMATH,
Appellant

No. 05-17-00793-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F14-51770-N.
Opinion delivered by Justice Myers.
Justices Lang and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

| Section to be modified | Replace existing text with: |
|---|---|
| PLEA TO OFFENSE | NO CONTEST |
| TERMS OF PLEA BARGAIN | N/A |
| PLEA TO 1st ENHANCEMENT PARAGRAPH | TRUE |
| FINDINGS ON 1st ENHANCEMENT PARAGRAPH | TRUE |
| PLEA TO 2nd ENHANCEMENT/ HABITUAL PARAGRAPH | N/A |
| FINDINGS ON 2nd ENHANCEMENT/ HABITUAL PARAGRAPH | N/A |

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 20th day of July, 2018.

–9–