**Affirmed as modified; Opinion Filed March 26, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01301-CR
## No. 05-17-01302-CR

**VICTOR AMADEO GRANADOS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F13-23992-M & F13-23993-M**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Nowell

A jury convicted Victor Amadeo Granados of sexual assault of two children, C.M. and L.M. The jury sentenced appellant to eleven years' confinement for assaulting C.M. and twelve years' confinement for assaulting L.M. Appellant argues the same issue on appeal of both judgments: the trial court improperly allowed a witness to testify she did not see signs of coaching or lying when she interviewed C.M. and L.M. In two cross-issues, the State requests we reform the judgments to show that sex offender registration requirements apply and to include $10,000 fines. We modify the trial court's judgments and affirm as modified.

C.M. and L.M. accused appellant of sexual assault. The record includes testimony about what occurred. The parties are familiar with that evidence and, in the absence of any challenge to

the sufficiency of the evidence, we limit our discussion of the record to information necessary to resolve the issues on appeal.

Nakisha Biglow, formerly a forensic interviewer at the Dallas Children's Advocacy Center,[1] testified at trial. She described the methods she used as a forensic interviewer with children who came to DCAC. Biglow separately interviewed C.M. and L.M. at DCAC, and both girls said they were abused. The State asked Biglow: "And we talk about the red flags that you look for signs of coaching and lying, was that present in your interview with the girls?" She answered "No." Appellant did not object, but, on appeal, complains the trial court erred by allowing the testimony.

To preserve a complaint for appellate review, a party must object and state the specific grounds for the objection. *See* TEX. R. APP. P. 33.1(a)(1); *see also Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). "Moreover, an objection must be made each time inadmissible evidence is offered unless the complaining party obtains a running objection or obtains a ruling on his complaint in a hearing outside the presence of the jury." *Lopez v. State*, 253 S.W.3d 680, 684 (Tex. Crim. App. 2008). Because appellant did not object to the testimony about which he complains on appeal, we conclude he has not preserved any error for appellate review.

Even if appellant had preserved his complaint for review, we would conclude the trial court did not err. While an expert's testimony that a child witness is truthful is inadmissible under Texas Rule of Evidence 702, an expert's opinion on signs of coaching or manipulation may assist the trier of fact and may therefore be admissible. *Schutz v. State*, 957 S.W.2d 52, 73 (Tex. Crim. App. 1997) (social worker's testimony that complainant did not exhibit signs of manipulation did not constitute a direct comment upon the truth of the complainant's allegations); *Munoz v. State*, No. 05-16-00153-CR, 2017 WL 1684633, at *3 (Tex. App.—Dallas May 2, 2017, no pet.) (mem. op.,

---

[1] At the time of trial, Biglow was the Director of MDT Services for the Dallas Children's Advocacy Center.

not designated for publication) (trial court did not abuse its discretion by overruling objection to clinical therapist's testimony that therapy sessions did not raise any "red flags" she was trained to look for when determining whether complainant was lying or exaggerating); *Rangel v. State*, No. 05-15-00609-CR, 2016 WL 3031378, at *2 (Tex. App.—Dallas May 19, 2016, pet. ref'd) (mem. op., not designated for publication) (forensic interviewer testifying she did not see "red flags" that complainant had been manipulated or coached was not a direct comment about complainant's truthfulness); *Vasquez v. State*, No. 05–11–01096–CR; 2012 WL 3125171, at *4 (Tex. App.— Dallas Aug. 2, 2012, pet. ref'd) (mem. op., not designated for publication) (trial court did not abuse its discretion by overruling appellant's objection and allowing forensic interviewer to answer question about whether she observed "red flags"). Based on this Court's precedent, we conclude the trial court did not abuse its discretion by allowing an expert witness to testify she did not see "red flags" indicating coaching and lying when she interviewed C.M. and L.M.

We overrule appellant's sole issue.

In two cross-issues, the State requests we modify the judgments. This Court may modify the trial court's judgment to make the record speak the truth when it has the necessary data and information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W. 2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W. 2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).

The State initially asks we modify the judgments to show the sex-offender registration requirements apply. Each judgment shows appellant was convicted of sexual assault of a child pursuant to section 22.011 of the penal code. *See* TEX. PENAL CODE § 22.011. An offense under section 22.011 is a "reportable conviction" under chapter 62 of the Texas Code of Criminal Procedure, which governs the sex offender registration program. *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(5)(A); *see also Hernandez-Jimenez v. State*, No. 05-18-00209-CR, 2019 WL 1219368, at *3 (Tex. App.—Dallas Mar. 15, 2019, no pet. h.). A person with a reportable

conviction is required to register as a sex offender. *See* TEX. CODE CRIM. PROC. ANN. art. 62.051(a); *see also Crabtree v. State*, 389 S.W.3d 820, 825 (Tex. Crim. App. 2012); *Hernandez-Jimenez*, 2019 WL 1219368, at *3. When a person is convicted of an offense for which registration for a sex offense is required under chapter 62, the judgment must include (1) a statement that the registration requirements of that chapter apply to the defendant and (2) a statement of the age of the victim. TEX. CODE CRIM. PROC. ANN. art. 42.01§ 1(27); *see Hernandez-Jimenez*, 2019 WL 1219368, at *3.

The judgments incorrectly state the sex offender registration requirements do not apply to appellant, and list "N/A" as the ages of the complainants. Because appellant is subject to the sex offender registration requirements, the judgments are incorrect. We sustain the State's first cross-point.

We modify the trial court judgment in trial court case number F-1323992-M/this Court's cause number 05-17-01301-CR to show the sex offender registration requirements apply to appellant, and the complainant's age at the time of the offense was fifteen years old. We modify the trial court judgment in trial court case number F-1323993-M/this Court's cause number 05-17-01302-CR to show the sex offender registration requirements apply to appellant, and the complainant's age at the time of the offense was fourteen years old.

In its second cross-issue, the State asks the judgments should be reformed to include a $10,000 fine in each case. The judgment in cause number 05-17-01301-CR shows the fine assessed as "Time Served" and "$10,000." The judgment in cause number 05-17-01302-CR shows the fine assessed as "N/A." However, in each case, the jury assessed a fine of $10,000, which the trial court announced when sentencing appellant. We conclude the judgments are incorrect, and we sustain the State's second cross-point. We modify each judgment to show the fine assessed is $10,000.

As modified, we affirm the trial court's judgments.

/Erin A. Nowell/

ERIN A. NOWELL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
171301F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

VICTOR AMADEO GRANADOS, Appellant

No. 05-17-01301-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1323992-M.
Opinion delivered by Justice Nowell.
Justices Myers and Osborne participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **STRIKE** the sentence "Sex Offender Registration Requirements do not apply to the Defendant" and **REPLACE** it with "Sex Offender Registration Requirements apply to the Defendant."

We **STRIKE** the term "N/A" as the age of the victim at the time of the offense and **REPLACE** it with "fifteen years old."

We **STRIKE** the term "N/A" as the Fine and **REPLACE** it with "$10,000."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 26th day of March, 2019.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

VICTOR AMADEO GRANADOS,
Appellant

No. 05-17-01302-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1323993-M.
Opinion delivered by Justice Nowell.
Justices Myers and Osborne participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **STRIKE** the sentence "Sex Offender Registration Requirements do not apply to the Defendant" and **REPLACE** it with "Sex Offender Registration Requirements apply to the Defendant."

We **STRIKE** the term "N/A" as the age of the victim at the time of the offense and **REPLACE** it with "fourteen years old."

We **STRIKE** the words "Time Served" as part of the Fine.  The Fine is "$10,000."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 26th day of March, 2019.