**Opinion filed September 12, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00104-CR

_____

## DANIEL LILLIGHT RIVERA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**
**Mitchell County, Texas**
**Trial Court Cause No. 8191**

## M E M O R A N D U M   O P I N I O N

A jury convicted Appellant, Daniel Lillight Rivera, of manslaughter, a second-degree felony, and assessed his punishment at twenty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. *See* TEX. PENAL CODE ANN. § 19.04 (West Supp. 2023). The trial court sentenced him accordingly. In a single issue on appeal, Appellant argues that the trial court erred

by admitting evidence of his prior arrest for assault family violence against the same victim.

*Factual and Procedural History*

A grand jury indicted Appellant for recklessly causing the death of Christina Marie Rojas on or about February 27, 2021, "by shoving her in front of a moving car on a roadway." Prior to trial, Appellant filed a motion requesting that the State provide notice of any extraneous offenses, other acts, or conduct that it intended to offer at trial. In response, the State provided a notice of six extraneous offenses that it intended to offer, including Appellant's arrest on February 12, 2021, that occurred approximately two weeks before Rojas's death, for "unlawful restraint and assault family violence" against Rojas. Appellant filed a motion in limine as to this extraneous offense, which the trial court granted on the record.

During trial, but outside the presence of the jury, the trial court inquired into the State's intent to introduce evidence of Appellant's prior arrest for assault family violence against Rojas. The State explained that it intended to offer evidence through an officer's bodycam footage and Appellant's custodial interview with law enforcement that referenced the arrest. Appellant objected to the admission of the evidence, arguing that it was "just too prejudicial." The State responded that the evidence was necessary to counter Appellant's positive description of his relationship with Rojas during his custodial interview—as if it were "a good relationship and no problems in it"—and to establish the requisite mental state. The trial court overruled Appellant's objection, ruling that the probative value "of that as the relationship between the parties" outweighed the prejudicial effect and allowed the testimony and the statements to remain in the videos. *See* TEX. R. EVID. 403.

During the testimony of Texas Department of Public Safety (DPS) Lieutenant Anthony Bennett, the State offered a recording of Appellant's interview with Lieutenant Bennett. Appellant responded, "[w]e have no objection to [the] State's

2

[exhibit], Your Honor." During the interview, Appellant explained that he was arrested for unlawfully restraining Rojas.

Additionally, Wink Independent School District Police Chief Kyle Sanford testified that he investigated the manslaughter offense while working as a Patrol Sergeant for DPS. The State offered Chief Sanford's bodycam footage from his investigation, to which Appellant responded, "I have no objection, Your Honor." In the bodycam footage, another officer tells Chief Sanford that Appellant was recently arrested for assault family violence against Rojas.

*Standard of Review and Applicable Law*

To present a complaint for appellate review, a party must make a timely request, objection, or motion that stated the grounds for the ruling sought and complied with the applicable rules. TEX. R. APP. P. 33.1(a)(1). Moreover, the party must obtain a ruling or demonstrate that the trial court refused to rule and the party objected to said refusal. *Id.* R. 33.1(a)(2). "[A]n objection must be made each time inadmissible evidence is offered unless the complaining party obtains a running objection or obtains a ruling on his complaint in a hearing outside the presence of the jury." *Lopez v. State*, 253 S.W.3d 680, 684 (Tex. Crim. App. 2008) (citing TEX. R. EVID. 103(b)). But, when a party objects to the evidence outside the presence of the jury, he may waive any error if he later responds that he has "no objection" to the previously challenged evidence. *Thomas v. State*, 408 S.W.3d 877, 885 (Tex. Crim. App. 2013).

Whether the party's "no objection" response results in forfeiting earlier-preserved error is dependent on the context. *Id.*

> If the record as a whole plainly demonstrates that the defendant did not intend, nor did the trial court construe, his "no objection" statement to constitute an abandonment of a claim of error that he had earlier preserved for appeal, then the appellate court should not regard the claim as "waived," but should resolve it on the merits. On the other

hand, if from the record as a whole the appellate court simply cannot tell whether an abandonment was intended or understood, then, consistent with prior case law, it should regard the "no objection" statement to be a waiver of the earlier-preserved error. Under the latter circumstances, the affirmative "no objection" statement will, by itself, serve as an unequivocal indication that a waiver was both intended and understood.

*Id.* at 885–86.

*Analysis*

Appellant raised his objection to admitting evidence of his prior arrest for assaulting Rojas in a pretrial motion in limine, and during a hearing outside the jury's presence. Using the language of Rule 403 of the Texas Rules of Evidence, he argued that, "even if it is probative, it's just too prejudicial." He now claims to have preserved his arguments through his motion in limine as well as the hearing outside the presence of the jury. However, Appellant's motion in limine does not preserve the alleged error for appellate review. *See Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003) *(*A motion in limine does not preserve error for appellate review.). Although Appellant lodged his objection to the admission of his prior arrest for assault family violence and secured a ruling outside the presence of the jury, he subsequently stated that he had "no objection" to the offered evidence, when he had the opportunity to do so prior to the trial court's admission of the interview and its admission of the bodycam footage. Accordingly, we must review the record for context to determine whether it plainly demonstrates that Appellant did not intend to abandon his claim of error. *See Thomas*, 408 S.W.3d at 885–86.

We encountered a similar fact pattern in *McCalister v. State*. *See* No. 11-15-00310-CR, 2018 WL 576134, at *2 (Tex. App.—Eastland Jan. 19, 2018, no pet.) (mem. op., not designated for publication). In *McCalister*, the trial court overruled Appellant's objection to extraneous-offense evidence outside of the presence of the jury. *Id.* at *1. However, when the State subsequently moved to admit the evidence,

4

Appellant responded that he had "no objection." *Id.* at *2. We concluded that Appellant did not abandon his claim of error as evinced in part by him premising an argument for a jury instruction on his earlier objection to the evidence and by stressing during closing argument that the extraneous offense did not concern the charge before the jury. *Id.*

Here, a charge conference occurred in chambers and off of the record and, when the parties went back on the record, neither the State nor Appellant had objections or additions to the trial court's charge; as a result, there is nothing before us to demonstrate that Appellant raised his earlier objection in any manner at such time. Neither the State nor Appellant referenced the extraneous offense in their closing arguments. Indeed, Appellant's arrest is not specifically mentioned by testimony or argument after Appellant's initial objection outside the presence of the jury. Accordingly, *McCalister's* circumstances demonstrating non-abandonment of the prior objection are not present here. *See id.* Nothing in this record "plainly demonstrates that [Appellant] did not intend, nor [that] the trial court construe[d], his 'no objection' statement to constitute an abandonment of a claim of error that he had earlier preserved for appeal." *See Thomas*, 408 S.W.3d at 885; *see also Sharper v. State*, 485 S.W.3d 612, 616 (Tex. App.—Texarkana 2016, pet. ref'd) ("Since the record does not plainly demonstrate that [Appellant] did not intend to abandon his Sixth Amendment objections, we find that [Appellant] has failed to preserve this error for our review."). As such, Appellant's two, affirmative "no objection" responses to the offered evidence, "by itself, serve[s] as an unequivocal indication that a waiver was both intended and understood." *See Thomas*, 408 S.W.3d at 885–86. We conclude that Appellant failed to preserve for our review his objection to the admission of the complained-of extraneous offense. *See id.* Appellant's sole issue is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.


                        W. BRUCE WILLIAMS

                        JUSTICE


September 12, 2024

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.